May v. Vann.

ALVIN MAY, APPELLANT, vs. ENOCH J. VANN, ADMINISTRATOR, RESPONDENT.

1. Under a previous decision of this court it is not essential to the validity of a notice by an administrator calling for the presentation of claims against the estate of the intestate, that the precise time fixed by law as the period within which claims should be presented should be stated. While the statute fixes the time of " two years," such notice under this decision is sufficient if it calls for a presentation " within the time prescribed by law." A decision fixing a matter of practice of this character should not be reversed, except for reasons of the most cogent character.

2. Between co-sureties upon a promissory note, the relation of debtor and creditor does not exist without payment of the debt by one of the sureties. Such relation cannot be called a claim within the meaning of the statute of non-claim in this State.

Appeal from the Circuit Court for Jefferson county, Second Judicial District.

The opinion of the court contains a statement of the case.

S. Pasco for Appellant.

G. P. Raney for Respondent.

WESTCOTT, J., delivered the opinion of the court.

In this case the administrator published a notice requiring a presentation of claims against the estate of his intestate " within the time prescribed by law." It is insisted that the time prescribed by law is " two years," and that the notice was insufficient in that this precise time was not mentioned therein. The Circuit Court ruled that this notice was sufficient, and the appellant, (the plaintiff below), upon exception and appeal, presents that question for consideration.

Appellant with respondent's intestate were co-sureties upon a note. The holder of the note sued appellant and recovered judgment against him. After the expiration of the two years' notice given by the respondent for the presentation of claims against the estate of his intestate, and before respondent was discharged as administrator, appellant paid the judgment and sued the respondent. The question here is, was there such claim against the estate of respondent's intestate before payment by appellant as required a presentation to respondent as administrator within the two years. The Circuit Court decided that it was such claim as should have been presented.

These are the two questions which this record presents for consideration.

We first examine the matter of the sufficiency of the notice given.

In the case of Fillyaw vs. Laverty, 3 Fla. 105, the form of the notice was, "All persons having claims against the estate of William D. Harrison, deceased, are hereby warned to present them to the subscriber within the time prescribed by law, or they will be forever barred of recovery; all those indebted to the estate are requested to make immediate payment."

As to this notice the court in that case remark: "It embodies, we think, substantially the requirements of the statute, and although it does not contain the words, 'creditors, legatees and persons entitled to distribution,' still we think the words, 'all persons having any claims against the estate,' are of so comprehensivea character that they include and embrace within their meaning, creditors, legatees, and persons entitled to distribution, upon the principle that the major includes the minor. This notice before the court, from its substantial conformity to the requisition of the section containing the statute of non-claim, must be taken by the court as a sufficient compliance, with the proviso of that section." In the case of Ellison, administrator, vs. Allen, 8 Fla. 211, this court remark: "No question was made at the hearing in respect to the sufficiency of the terms in which the notice was couched, and without intending to rule anything on that point we will take occasion to remark that the notice should be ample and full in its terms, and should particularly state the limitation of two years as the period within which the claims are to be presented. In making this remark we do not intend to be understood as coming in conflict with the case of Fillyaw vs. Laverty, where this point as to the sufficiency of the notice was expressly ruled; but we only desire to call attention to its importance, that the construction of the statute may be such that it may be made to subserve its legitimate end and object, to wit: of furnishing full and ample notice to those

who may have just claims or demands against the estate. The material point argued at the hearing, and upon the adjudication of which this cause must mainly depend, involves the question as to the sufficiency of the presentation of the claim sued upon to the administrator."

In the case of Amos vs. Campbell, 9 Fla. 199, this court, after remarking that it was not necessary "that we should rule definitely upon the sufficiency of the notice given in this case," quote the language in the case of Ellison vs. Allen, but decide the case upon other points.

It is thus seen that this court in these two cases expressly avoid deciding upon the matter of the sufficiency of the notice in these cases, and assert that the matter of the sufficiency of such a notice as we have in this case was "expressly ruled in Fillyaw vs. Laverty." In the two cases referred to nothing more was done than to advise the profession to frame these notices in a different form from that which had been "expressly ruled" sufficient by this court years before. We must follow the decision and not the advice.

This is a matter concerning the sufficiency and legality of a system of practice under a statute, which system has been pronounced sufficient. It has been acquiesced in by the legislature, with whom is the power to correct it, for twenty-five years, and we feel constrained to follow that decision. At the same time we admit that the practice of giving more full notice as to time, parties and date at which the time commences to run, and is to end, is commendable.

The other question stated is, was there a claim within the meaning of the statute against the estate of the one co-surety before payment by the other co-surety.

The relation between co-sureties cannot be called a debt, demand or claim as between them. Of two sureties, A. and B., one has as much a claim against the other as the other has against the one. As to the matter of a debt, demand or claim between them, none exists. The rights of co-sureties

against the principal are the same, and, as against each other, are the same. As between the sureties, it is a mere relation, out of which a claim, debt or demand may arise through the happening of circumstances, and, if the circumstances are of one character, one surety is liable to the other, and, if of another character, then the other is liable to the one. As between the sureties, before payment by one, there is neither legal nor equitable claim or demand within the meaning of this statute. The whole doctrine of contribution after payment is based upon the general equity of equality of burden and benefit. Until there is burden or benefit, there is no claim, legal or equitable. It is said that one of the sureties can pay the debt, and thus have a claim, and that this is the duty of the co-surety. There is nothing in the statute, or in the general principles of law or equity applicable to the contract, which makes payment the duty of one more than it is the duty of the other; and the question is not whether one *can have* a claim *by payment,* for that is admitted, but whether there is a claim, legal or equitable, *before and without payment.*

This is the rule in Missouri, (8 Mo. 169; 9 Mo. 225; 23 Mo. 174,) where we can see no essential difference in the statute of that State and ours.

It is the rule in Alabama, (6 Ala. 716; 6 Port. 43; 5 Ala. 610; 9 Ala. 257; 10 Ala. 26; 8 Ala. 580,) where, although there is a difference in the statutes, still, the reasoning and general views of the court would condemn any other conclusion under our statute.

It is well settled that the ordinary statute of limitations, as between co-sureties, does not begin to run until payment of the debt by the co-surety; and the statute of non-claim in this matter should, I think, receive a like construction. 8 Pick. 103; 3 Fla. 105; 13 Fla. 416.

After the fullest examination and consideration of the question, our conclusion is, that a claim, which is due either presently or in future, must be presented, but where even a

*claim* does not arise except upon the happening of a contingency, and that contingency is in doubt and uncertainty, then there is no claim, debt or demand within the meaning of this statute; and that, as between co-sureties before payment by one, nothing exists except *a mere relation*, out of which a claim may arise in favor of one against the other. Upon this ground the judgment should be reversed.

Judgment reversed.