FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error*, v. GEORGE GEIGER, *Defendant in Error*.

## Opinion Filed January 9, 1914.

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for adjudication.

2. A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided.

3. In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for new trial which is based upon the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury *ought* to have done or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

4. The verdict of a jury should be conformable to legal rules and defensible in point of sense; it must not be absurd or whimsical. But an appelate court is not warranted in substituting its standard of what is reasonable for that of the jury. If reasonable men might have found the verdict in question, and it has received the sanction of the trial court, an appellate court should not disturb it.

5. The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because

the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

6. When the trial court concurs in the verdict rendered by a jury by denying the motion for a new trial, and there is evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence.

7. In an action brought by a passenger against a railroad company to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, where it clearly appears from the evidence that the plaintiff was a passenger to whom the defendant owed the highest degree of care and consideration, a strong showing would have to be made to warrant an appellate court in setting aside the concurring verdicts returned by two juries in favor of the plaintiff, which verdicts have been concurred in by two different trial judges.

Writ of error to Circuit Court of Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*Alex St. Clair Abrams,* for Plaintiff in Error;

*D. C. Campbell,* for Defendant in Error.

SHACKLEFORD, C. J.—This case comes here for the second time. It is an action brought by the defendant in error, hereinafter called the plaintiff, against the plaintiff in error, hereinafter called the defendant, to recover damages for personal injuries alleged to have been occa-

sioned by the negligence of the defendant. At the first trial, the plaintiff recovered a judgment for $8,333.36, which was reversed by this court for the reasons stated in the opinion. See Florida East Coast Ry. Co. v. Geiger, 64 Fla. 282, 60 South. Rep. 753. Upon the former writ of error, twenty-one errors were assigned. We treated such of them as we considered necessary for a proper disposition of the case. At the second trial, the plaintiff recovered a judgment for $6,250.00, which the defendant also seeks to have reversed and has assigned thirty-one errors. For the pleadings we would refer to the former opinion, wherein the first count of the declaration and the five pleas filed by the defendant will be found copied. One of the errors assigned upon the former writ of error was the overruling of the demurrer to the first count of the declaration; and in the opinion which we rendered we held that the assignment had not been sustained and that such count of the declaration was sufficient to withstand the assault made upon it. We did not deem it necessary to set forth the second count of the declaration in the former opinion, nor do we consider it necessary to do so now. The only differences between the two counts is that the second count charges that the conductor of the defendant's train "wilfully and maliciously," as well as carelessly and negligently, refused to allow the plaintiff to pass through the coach. See our discussion as to the effect of alleging that the negligence was "wilful and wanton" and the like in McGrady v. Charlotte Harbor & Northern Ry. Co., decided here at the present term. Upon the going down of the mandate, the defendant filed the following additional plea:

"And now comes the defendant, the Florida East Coast Railway Company, by Alex. St. Clair-Abrams, its Attorney, and, by leave of the court first had and obtained,

files this its additional plea (being the 6th plea) to the declaration herein filed and, denying each and every alle gation of each count of the declaration, says that it is not true, as alleged in said counts, that the plaintiff received injuries set forth therein by the negligence of the defendant; but the defendant says that plaintiff received the injuries complained of by his own recklessness and negligence in attempting to alight from defendant's moving train, propelled by steam, while the train and cars composing it were in motion and coming in collision with a truck standing on the platform of the station,—it being broad daylight and said standing truck being in full sight and view of the plaintiff, and the negligence of plaintiff being the sole proximate cause of his alleged injuries.

. Wherefore the defendant says that the plaintiff ought not to have and maintain said action."

The plaintiff joined issue upon this plea, as he had previously done upon the other pleas, and the case went to trial upon the issues as framed.

It is undoubtedly true, as we have frequently held, that all the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration. McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910; A. R. Harper Piano Co. v. Seaboard Air Line Ry., 65 Fla. 490, 62 South. Rep. 482; First Nation Bank of St. Petersburg v. Ulmer, 66 Fla. —, 63 South. Rep. 145; Christophor v. Mungen, decided here at the present term. It is also further true, as we have several times held, that the principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for ad-

judication. Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684, and Ross v. Savage, 66 Fla. —, 63 South. Rep. 148. It is also true as was said by Mr. Justice BREWER in Mutual Life Insurance Co. v. Hill, 193 U. S. 551, text 553, 24 Sup. Ct. Rep. 538, "When a case is presented to an appellate court it is not obliged to consider and decide all the questions then suggested or which may be supposed likely to arise in the further progress of the litigation. If it finds that in one respect an error has been committed so substantial as to require a reversal of the judgment, it may order. a reversal without entering into any inquiry or determination of other questions. While undoubtedly an affirmance of a judgment is to be considered an adjudication by the appellate court that none of the claims of error are well founded—even though all are not specifically referred to in the opinion—yet no such conclusion follows in case of a reversal. It is impossible to foretell what shape the second trial may take or what questions may then be presented. Hence the rule is that a judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided. An actual decision of any question settles the law in respect thereto for future action in the case."

The defendant in its brief contends that the reversal of the judgment by this court upon the former writ of error was upon two grounds, "this court holding that on the testimony for the plaintiff he could not recover, and, second, that the testimony for the defendant preponderated," and the argument made by the defendant is chiefly in support of this contention. In order to sustain the same, the defendant introduced at the second trial the entire transcript of the testimony taken on the former trial, stating that its purpose in so doing was to show

"that the testimony taken on this trial is substantially the same as taken at the previous trial," so that we have incorporated in the transcript now before us all the testimony taken at each trial.

The defendant is in error as to the ground upon which our reversal of the former judgment was predicated, as a reading of the opinion will readily disclose. The third head-note sets forth the only ground which caused the reversal of the judgment, which head-note reads as follows:

"In an action for personal injuries alleged to have been received in jumping off a train, where there is evidence indicating carelessness on the part of a passenger, who was an active normal man, in jumping off a moving train, it is error to refuse to give a requested charge that 'it is the duty of every person about to get on or off of the car of a passenger train propelled by steam to exercise due and ordinary care and prudence commensurate with the danger to be apprehended.'"

In the opinion we discussed the testimony adduced in order to show why we were of the opinion that the refused instruction was so peculiarly appropriate to such testimony as to make its refusal error. Upon the second trial, this instruction was given, and, assuming, in line with the defendant's contention, that the testimony given upon the two trials was substantially the same, though, as a matter of fact, the plaintiff made out a stronger case at the last trial, that fact would not warrant us in reversing this second judgment, which is for a smaller amount than the first judgment, was found by a different jury and concurred in by another Circuit Judge by his refusal to grant a new trial, which questioned the sufficiency of the evidence to support the verdict. See our discussion in Atlantic Coast Line R. R. Co. v. Wallace,

66 Fla. —, 63 South. Rep. 583. We would also refer to what we said as to verdicts in Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761, and the authorities there cited. We also refer to Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44, wherein we held as follows, which holding we have repeatedly since then approved and followed:

"In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for new trial which is based upon the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury *ought* to have done or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

The verdict of a jury should be conformable to legal rules and defensible in point of sense; it must not be absurd or whimsical. But an appellate court is not warranted in substituting its standard of what is reasonable for that of the jury. If reasonable men might have found the verdict in question, and it has received the sanction of the trial court, an appellate court should not disturb it.

The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

When the trial court concurs in the verdict rendered

by a jury by denying the motion for a new trial, and there is evidence to support it, an appellate court should refuse to disturb it, in the absence of any showing that the jurors must have been improperly influenced by considerations outside the evidence."

It clearly appears from the evidence that the plaintiff was a passenger to whom the defendant owed the highest degree of care and consideration. The evidence does not so preponderate in favor of the defendant as to warrant an appellate court in setting aside the concurrent verdicts returned by two juries in favor of the plaintiff.

After a most careful examination of the transcript assisted by the briefs of the respective counsel, applying the principles which we have announced above, we have been unable to find any error which would warrant us in reversing the judgment, therefore it must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD. J. J., concur.