**AMERICAN SURETY COMPANY OF NEW YORK v. FRANK S. MURPHY and C. A. MEYER, as Executors of the Last Will and Testament of W. T. Murphy, deceased.**

9 So. (2nd) 355                                                   En Banc
July 17, 1942      Petition for Modification Denied July 31, 1942

G. P. Garrett and Donald Walker, for appellant.

Giles & Guerney, for appellee.

CHAPMAN, J.:

The American Surety Company of New York, on February 14, 1942, by petition filed in the County Judge's Court of Orange County, Florida, made it appear *inter alia* that W. T. Murphy, on January 9, 1938, died testate and on March 31, 1938 his last will and testament was admitted to probate and letters testamentary issued to the executors. The executors on March 22, 1938, caused to be published notice to the creditors of the estate. The eight months' period provided for by Section 120 of the Probate Act (Chapter 16,103, Acts of 1933, Laws of Florida) for filing claims against the estate expired on November 22, 1938.

On November 13, 1931, W. T. Murphy, through Messrs. Giles & Gurney, attorneys of Orlando, Florida, filed a replevin suit in Flagler County, Florida, against one L. S. Cody, and the American Surety Company was a surety on the bond of W. T. Murphy in the replevin suit. On December 15, 1931, the replevin suit was tried and resulted in a verdict and judgment in favor of L. S. Cody against W. T. Murphy in the sum of $1,245.25. Murphy, through counsel, filed a motion for a new trial and on December 17, 1931, the trial court entered an order to the effect that the motion for a new trial operate as a supersedeas until heard and otherwise disposed of. The motion for a new trial, for reasons stated in the petition, was not called up for a hearing and argument before the trial court until May 18, 1940. On June 7, 1940, an order was made and entered denying the aforesaid motion, and on June 10, 1940, the American Surety Company, through attorneys Giles & Gurney, settled the claim for the sum of $1,100.00. The American Surety Com-

pany, at intervals between December 17, 1931, and June 7, 1940, obtained the advice and counsel of attorneys Giles & Gurney on whether or not the motion for a new trial should be ruled upon by the trial court and was advised not to insist upon an early ruling on said motion.

It was made to appear that payment or settlement of the liability on the replevin bond was had or made on June 10, 1940, by the American Surety Company and the time for filing of claims against the W. T. Murphy estate expired on November 22, 1938. Section 120 of the Probate Act, *supra,* requires claims to be filed against estates within eight months after the publication of notice to creditors. It is contended that the liability of the American Surety Company on the replevin bond prior to June 10, 1940, was not a claim or demand, due or not due, contingent or liquidated within the meaning of Section 120 *supra,* and for this reason the terms thereof are inapplicable to the American Surety Company.

The prayer of the petition is for an order permitting or allowing the American Surety Company to file its claim against the W. T. Murphy estate in the sum of $1,100.00 and interest from June 10, 1940, plus costs, and that the County Judge's Court make and enter an order approving the aforesaid claim to be charged against and paid from the assets of W. T. Murphy estate.

The executors of the W. T. Murphy estate filed a motion to dismiss and a demurrer to the petition of the American Surety Company, the grounds of which were identical (except ground five of the motion to dismiss) and are viz: (1) the petition fails to show any right in or to the estate of W. T. Murphy; (2) the petition fails to show that the claim of the American Surety Com-

pany was filed as required by law; (3) the petition fails to show a sufficient reason for its failure to file the alleged claim within the eight months' period provided by Section 120 of the Probate Act; (4) the claim of the American Surety Company is controlled by the provisions of Section 120, supra; (5) on June 10, 1940, when the American Surety Company paid or settled the judgment in favor of L. S. Cody against W. T. Murphy, the same when paid was a matter of law barred by Section 120 of the Probate Act of 1933.

On February 23, 1942, Honorable John G. Baker, County Judge, entered an order sustaining the aforesaid demurrer and granting the motion to dismiss the petition. An appeal was perfected to the Circuit Court of Orange County, and on March 9, 1942, the Honorable Frank A. Smith, Circuit Judge, after argument of counsel, entered an order affirming the order of the County Judge's Court of Orange County, and an appeal has been perfected therefrom to this Court.

One of the essential questions propounded to this Court for adjudication is: Is the potential liability of a surety on a replevin bond, created during the year 1931, and pursuant to which the bonding company as a surety for the protection of the replevin bond in June, 1940, paid a judgment in the sum of $1100.00; W. T. Murphy, the principal of the replevin bond, having died solvent in January, 1938; his executors having published notice to creditors on March 22, 1938, and the eight months' period for filing claims and demands prescribed by Section 210 of the Probate Act having expired on November 22, 1938, the bonding company as surety having failed or omitted during said period to file its potential claim or demand as a creditor, may the executors of the

Murphy estate in 1942 plead the statute of non claims (being Section 120 of the Probate Act) as a bar against the allowance of the $1100.00, and interest, to be paid out of the Murphy estate as previously paid by the surety?

The jurisdiction of the settlement of estates of decedents is by Section 17 of Article 5 of the Constitution of Florida conferred on the County Judge. See Pournelle v. Baxter, 142 Fla. 517, 195 So. 160; Crosby v. Burleson, 142 Fla. 443, 195 So. 202; Tyre v. Wright, 144 Fla. 90, 197 So. 846. Likewise, Sections 120, 121, 122, 123, 124, and 125, of Chapter 16103, Acts of 1933, commonly known as the Probate Act, provide the manner and method of presentation of claims and demands against the estate of a decedent. See Pierce v. Pasquarello, 125 Fla. 330, 169 So. 727; In re Estate of J. B. Jeffries, 136 Fla. 410, 181 So. 833; In re Comstock Estate, 143 Fla. 500, 197 So. 121; Dill v. Stevens, 144 Fla. 307, 197 So. 849; State ex rel. Courtney v. Harrison, 143 Fla. 727, 200 So. 345.

Pertinent provisions of Section 120, *supra,* are to the effect that no claim or demand, whether due or not, direct or contingent, liquidated or unliquidated . . . shall be valid or binding upon an estate . . . unless the claim shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the County Judge granting letters. Section 120 provides further that any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void, even though the representative of the estate has recognized such claim or demand by paying a portion thereof.

It is the mandatory duty of the creditor, under the provisions of the aforesaid statute, to file his claim or demand in the office of the County Judge within eight months after the publication of the notice to creditors. It is admitted that no such claim or demand on the part of the American Surety Company was filed within the eight months' period in the County Judge's Court of Orange County. This Court has held that Section 120 *supra* should be interpreted so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial requirements of the statute. In the case at bar an effort to comply with this paricular provision of the statute on the part of the American Surety Company within the eight months' period after March 22, 1938, has not been made to appear.

Counsel for appellant points out that no claim or demand existed in behalf of the American Surety Company against the Murphy estate within the provisions of Section 120 *supra* between the dates of March 22, 1938, and November 22, 1938, and no such claim or demand came into existence until June 10, 1940, when appellant paid the sum of $1100.00 because of its liability as a surety on the replevin bond of the then decedent W. T. Murphy, and that an opportunity has been denied it to conform to the requirements of said Section; that is was assumed that the executors would comply with the indemnity agreement in existence between the American Surety Company and the decedent, W. T. Murphy.

Counsel for appellee contends that said Section 120 makes it obligatory on creditors having claims or

demands, whether due or undue, direct or contingent, liquidated or unliquidated, so that the claims or demands should become allowable and payable by the estate, to file the same within eight months after the first notice of publication; that the statute is clear, certain positive and free of ambiguities; that a potential liability existed from the moment the replevin bond was signed and continued until the same ripened into a contingent claim and was discharged thereafter by payment; and that it was at all times a contingent claim and the provisions of the statute *supra* controlled.

A contingent claim is one where the liability depends upon some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability. Non claim statutes have been applied to claims arising from a breach of covenant in a deed; to guaranty, suretyship and endorsement contracts; obligations contained in a lease; breach of contract to convey land; claims for balance of stock subscriptions, etc. The decisions are in conflict when construing similar statutes as to the necessity for presentation of claims within a named statutory period. See 21 Am. Jur. 582-3, par. 356. A claim against a decedent for breach of a bond on which he was a surety must be presented as required by the statute. See Schouler on Wills, Executors and Administrators, Vol. 3 (6th ed.) p. 2462, par. 2880.

Counsel for appellant pose for adjudication the question viz: Under the facts and circumstances stated in the petition, where it appears that the attorneys for W. T. Murphy in the replevin suit were the attorneys for his estate, and these attorneys were in charge of the interest of W. T. Murphy in the replevin suit and failed or omitted to obtain a ruling by the

trial court on the motion for a new trial, and simultaneously advised the American Surety Company to let the motion for a new trial stand in suspense, is the estate of W. T. Murphy *estopped* to raise the point that the claim or demand of the surety company, after the payment of the judgment by it and under the indemnity agreement, was not filed with the estate within eight months after the first publication of notice to creditors?

If W. T. Murphy had been living on June 10, 1940, when the American. Surety Company paid the sum of $1100.00 to satisfy the judgment against it and Murphy rendered in the replevin suit, then its right to proceed against Murphy for a return of the $1100.00 can not be challenged, or if a claim in the form prescribed by Section 120 *supra* had been filed by the American Surety Company between March 22, 1938, and November 22, 1938, for its potential liability or contingent claim created by signing the replevin bond as a surety for Murphy, then the duty to allow and pay the amount could not be challenged.

It is not alleged that the relation of client and attorney existed between Murphy's attorneys and the American Surety Company, although assistance was rendered in obtaining a reduction of the amount of the judgment to be paid by it. The American Surety Company was not obligated to accept the advice and counsel of attorneys for Murphy when it was suggested "that it seemed best to let the motion for a new trial stand undisposed of." It has not been shown that the Murphy heirs or counsel by act or deed interfered with the American Surety Company in or about filing a claim against the Murphy estate in conformity with the several provisions of Section 120 *supra*. The

County Judge's Court of Orange County in administering estates has such power as is conferred by the Constitution and statutory enactments. It is not within its power to order or decree specific performance of the indemnity agreement existing between the late Mr. Murphy and the American Surety Company on which the replevin bond was subsequently executed.

It is next contended that the title of the 1933 Probate Act, being Chapter 16103, is not sufficient under Section 16 of Article 3 of the Florida Constitution to cover or embrace contingent claims as set forth in Section 120 of the Act, and several cases are cited to sustain this view. We are unable to agree to this contention.

We fail to find error in the record, and accordingly the judgment is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.

CHAPMAN, J.:

In a petition for an order of modification of our opinion in this cause filed July 17, 1942, it is suggested by counsel for the American Surety Company of New York that as a creditor of the W. T. Murphy Estate, as regulated by the several provisions of Section 120 of the 1933 Probate Act (Chapter 16103, Laws of Florida) the sole question presented was its rights to file in the County Judge's Court of Orange County, Florida, the claim as a creditor and to do so within the eight months period provided by Section 120, *supra;* that the issues were limited and restricted to the proceedings in the cause in the County Judge's Court, thence on appeal to the Circuit Court and ultimately the several rulings, conclusions and hold-

ings of this Court did not in any legal manner affect the equitable rights then existing between the parties.

We have given careful consideration to the petition and it is our holding that the sole questions presented, considered and determined were limited to the appellant's claim as a creditor of the Murphy Estate and there was not presented, considered or determined by this Court the alleged equitable rights of the parties, but the appellant's right as a creditor as regulated by the Probate Act, *supra*. The petition for modification is denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.