171 So.2d 1 (1964)
Martha Joe FURLONG et al., Petitioners,
v.
Charlotte LEYBOURNE, Respondent.
No. 33435.
Supreme Court of Florida.
December 16, 1964.
Rehearing Denied February 8, 1965.
*2 Robert M. Brake, Coral Gables, for petitioners.
Redfearn & Simon, Miami, for respondent.
ERVIN, Justice.
Certiorari is sought to review a decision of the District Court of Appeal, Third District, appearing in Leybourne v. Furlong, Fla.App. 1964, 161 So.2d 221.
Petitioners, three sisters, were plaintiffs in an action in the Circuit Court to have determined their right to be subrogated as contingent claimants of their deceased father's estate in the event they paid the debt of a mortgage which he executed in his lifetime together with his second wife, the defendant in said action and respondent here. The mortgage is secured by the homestead property of the decedent father. Respondent is the stepmother of petitioners. She is the sole beneficiary under decedent's will and executrix of his estate and has a life estate in the homestead. Petitioners are remaindermen to the homestead. Respondent, as executrix of the estate, filed objection to the contingent claim filed by petitioners, whereupon they filed said action to determine the validity of their claim as provided by § 733.18(2), Florida Statutes, F.S.A.
In said action the Circuit Court in its summary judgment held:
"Since the right to be subrogated to the rights and securities of a Creditor extends to anyone paying any part of the debt of another provided the entire debt is paid, then should Plaintiffs [petitioners] make any payments of the aforesaid indebtedness [the mortgage debt], they will have a right to be subrogated to the rights and securities of the Creditor [mortgagee] upon the entire debt being paid.
"Since the rights of the Creditor include a right to have a recourse over against the Estate of the JAMES G. LEYBOURNE [the deceased father], the Plaintiffs [petitioners] have a right of such recourse as contingent claimants, independent of any action on the part of the Creditor, subject only to fulfilling the requirements of the so-called Florida Claims Statute, as set forth in Florida Statutes, Sections 733.16 and 733.18, [F.S.A.]
"The claim which was filed by Plaintiffs [petitioners] in the Estate of JAMES G. LEYBOURNE, and the filing of this action upon said claim after objection had been made were timely and were sufficient in form to fulfill the requirements of said Claims Statutes.
"Upon the payment in full of said indebtedness [mortgage debt] to the principal creditor, * * * the Plaintiffs will be entitled to reimbursement from the Estate of JAMES G. LEYBOURNE, Deceased, * * *"
The District Court of Appeal reversed this judgment because it found the Circuit Court had ignored the doctrine "law of the case." The court said:
"The lower court failed to apply the law, as determined by this court on two previous appeals, involving the same parties and factual situation. In Furlong v. Coral Gables Federal Savings & Loan Ass'n, note 2, supra, the first appeal [121 So.2d 797], this court stated:
"`We have considered also the contention of the appellants that the claim filed by them was sufficient to overcome *3 the failure of the mortgagee to file a claim. The claim as filed by the appellants could have no such effect.' [Emphasis supplied.] 121 So.2d at 801.
"In Furlong v. Leybourne, note, supra, the second appeal [138 So.2d 352], this court stated:
"`While the appellee cannot recover from the estate since it has long been closed for the filing of creditor claims, * * *.' 138 So.2d 356."
"The statement, above, referred to the widow, and was equally applicable to the children. The estate of the deceased cannot, by our previous decisions, be required to pay any part of the mortgage."
See Leybourne v. Furlong, Fla.App., 161 So.2d 221, text 223.
At this point because of the application of the "law of the case" doctrine, we hereafter give a brief resume of the earlier litigation between these same parties to which the District Court of Appeal refers in the quotation above.
In the initial litigation between the same parties, petitioners as the remaindermen unsuccessfully sought to have the estate exonerate the homestead from the mortgage. The Third District Court of Appeal affirmed the lower court and held that since the mortgagee creditor had failed to file a claim in the probate proceedings within the time prescribed by law the estate could not be compelled to exonerate the homestead from the mortgage by satisfying it. See Furlong et al. v. Coral Gables Federal Savings & Loan Ass'n, 121 So.2d 797.
In concluding its opinion in Furlong v. Coral Gables Federal Savings & Loan Ass'n, supra, text 801, the court said:
"We have considered also the contention of the appellants that the claim filed by them was sufficient to overcome the failure of the mortgagee to file a claim. The claim as filed by the appellants could have no such effect. Even if appellants could have filed a claim for or on behalf of the mortgagee, a question which we do not decide, the claim which they did file could not fill the void which resulted from the choice of the Federal, as mortgagee, not to file a claim. Appellants were not creditors under the mortgage indebtedness, and the Comstock and Simpson cases precluded the estate from paying out the amounts sought by the appellants in absence of a claim filed by the mortgagee."
In still further litigation between the parties the issue was whether the widow, the respondent here, in her individual capacity as co-maker of said note with her deceased husband should bear the primary responsibility for payment of the note. The District Court of Appeal held that as to the widow and the daughters, if any of them paid off the mortgage she or they would be subrogated to the mortgagee's right to foreclose the mortgage. The court also held as to the widow, who was an accommodation maker on the note, that her right of subrogation would include "recourse over against his estate for the debt," but that she "cannot recover from the estate since it has long been closed for filing of creditor claims." See Furlong v. Leybourne, 138 So.2d 352, 356.
Petitioners contend the District Court of Appeal in the case under review in ruling that the Circuit Court departed from "the law of the case" as enunciated in 121 So.2d 797 and 138 So.2d 352, conflicted with McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323; with Florida East Coast Ry. Co. v. Geiger, 66 Fla. 582, 64 So. 238; and with Feigen v. Sokolsky, Fla., 65 So.2d 769, which cases hold the doctrine of the law of the case (1) applies only to subsequent stages of procedure in the same case, (2) that the doctrine is not decisive of points presented in a second writ of error that were not presented in a former writ of error, and (3) there can be no "law *4 of the case" which is controlling when the facts are different at the two trials.
We believe that the contentions of petitioners for our invoking certiorari jurisdiction have merit. Neither of the two earlier cases concerned the precise issue presented in the third case here under review. The issue in this case is whether petitioners can be subrogated as contingent claimants if they pay the mortgage debt. The issue in the first case was whether the doctrine of exoneration was applicable and would require payment of the mortgage debt from the general assets of the estate. See headnote 2 of 121 So.2d 797 and discussion on pages 800 and 801. The holding reflected in the 3rd headnote of that case went to the question whether the contingent claim filed by remaindermen was sufficient to overcome the failure of the mortgagee to file a claim as a predicate for exoneration of the homestead by payment of the mortgage from the assets of the estate. The first case was not decisive of the issue of subrogation presented in the instant case. The second decision of the District Court of Appeal reported in 138 So.2d 352 holds that the respondent as accommodation maker of the mortgage note would "have recourse over against his [decedent's] estate for the debt as she pays it," but "cannot recover from the estate since it has long been closed for filing of creditor claims." The court then states "the right to be subrogated to the rights and securities of the creditor extends to anyone paying any part of the debt of another provided the entire debt is paid. Thus, should appellants (petitioners here) make any payments to the Federal (mortgagee) they would have a right to be subrogated to the rights and securities of the Federal upon the entire debt being paid. * * *"
From this language in the second appeal decision equating the subrogation rights of the stepdaughters with those of the step-mother, it becomes apparent why the Circuit Court ruled as it did in the case at bar, inasmuch as petitioners had filed their contingent claim within the time prescribed by law. In the case of Ball v. Yates (1946), 158 Fla. 521, 29 So.2d 729, it is stated:
"* * * If there be any conflict between the law of the case as established by the first appeal with the law of the case as established by the second appeal then in that event the latter will control over the first."
We believe the issue of subrogation here considered was not decided in the original decision of the District Court of Appeal in 121 So.2d 797, and consequently the court in its decision in this case misapplied the doctrine of "the law of the case" as announced in the cases relied upon by petitioners: McGregor v. Provident Trust Co., supra; Florida East Coast Ry. Co. v. Geiger, supra; and Feigen v. Sokolsky, supra. The case should have been decided upon its merits without application of the doctrine. In prior cases decided by this Court where the controlling facts were essentially on all fours to those of the present case in respect to whether the doctrine was applicable, the holdings of this Court were that the doctrine did not apply. For example, this was the situation in the cases of Florida East Coast Railway Co. v. Geiger, 66 Fla. 582, 64 So. 238, 239, and Feigen v. Sokolsky, Fla. 1953, 65 So.2d 769. Therein lies the decisional conflict as it will in every case where the doctrine is misapplied and the merits of the particular case are not reached. See Nielsen v. City of Sarasota (1960, Fla.), 117 So.2d 731, and Trustees of Internal Improvement Fund v. Lobean (1961, Fla.), 127 So.2d 98.
Jurisdiction having been found to exist, we turn to the merits. Respondent contends petitioners had no interest in the homestead until their father died; that they had no claim because of anything he owed them prior to his death; that their claim is not a contingent claim or any kind of claim against the estate; that they only inherited from their father a vested remainder interest in his homestead by virtue of Section 731.27, Florida Statutes, F.S.A., and not by *5 his will and thus have no right to have any of the general assets of his estate used to pay the mortgage debt under the doctrine of subrogation or otherwise.
We do not believe these contentions are well taken.
In 50 Am.Jur., pages 742 and 743, it is said:
"Generally, subrogation will not be allowed to a third person who without any obligation so to do pays an indebtedness. And this rule is fully applicable to payments of an indebtedness secured by mortgage. * * * It is otherwise where the party pays or advances the money to protect some interest of his own in the property. If he has any interest which will be protected by payment of the debt, he may pay it or lend his money for that purpose and be subrogated to the rights of the creditor. The extent or quality of the interest which is in jeopardy is not material. It is enough if the party has any palpable interest, which will be protected, such as a future or contingent interest, * * * a life tenant * * * a wife or widow, or an heir, devisee or legatee."
In 50 Am.Jur. 710, it is said: "An heir paying debts or claims against the estate may be entitled to subrogation." See 68 LRA 521, also 30 Fla.Jur., page 305.
In Cuesta, Rey & Co. v. Newson (1931), 102 Fla. 853, 136 So. 551, this Court quoted with approval from Pomeroy's Equitable Remedies (2nd ed.,) vol. 5, § 2351:
"`The subrogee is, in general, entitled to stand in the shoes of the creditor, and to enforce every right which the creditor himself could have enforced, so far as necessary to secure reimbursement or contribution. This includes the right to enforce the principal obligation itself, even though it be discharged at law, and to claim all of the incidents of such obligation.'"
Filing of contingent claims against an estate is recognized by our laws. Section 733.16, Florida Statutes, F.S.A., refers to the filing of a "claim or demand, whether due or not, direct or contingent, liquidated or unliquidated." This Court in American Surety Co. of New York v. Murphy et al. (1942), 151 Fla. 151, 9 So.2d 355, construed said non-claim statute in regard to a "contingent claim" as one where the liability depends upon some future event, which may or may not happen and requires the filing of such a claim within the time prescribed by law. See 21 Am. Jur., pages 582 and 583.
In 21 Am.Jur., page 586, it is said that the right to foreclose against mortgaged property of a decedent is not lost by failure to present a claim within the time prescribed but "presentation is necessary, however, to preserve the right to payment out of general assets," of decedent's estate.
It appears to us that the petitioners by the timely filing of their contingent claim in their father's estate did all that was within their power for them to do under the then existing circumstances to safeguard their remainder interest in the homestead by indicating their desire and intention to pay the mortgage indebtedness in order to be subrogated to the right of the mortgagee creditor to seek reimbursement from the general assets of the estate. Had they not timely filed their contingent claim it would have been barred. American Surety Co. of New York v. Murphy, supra. It does not appear from the record that at the time the contingent claim was filed the full obligation of the mortgage was due or that the mortgagee would have been willing for the petitioners to pay the mortgage. Furthermore, it does not appear equitable that petitioners' full rights of subrogation, including resort over against the state, should be subordinated to the independent decision of the mortgage creditor not to file a claim against the estate.
*6 The decision and judgment of the District Court of Appeal, Third District, is quashed with direction to reinstate the judgment of the Circuit Court.
THOMAS, Acting C.J., and ROBERTS, CALDWELL and HOBSON (Ret.), JJ., concur.
THORNAL and O'CONNELL, JJ., dissent.