318 So.2d 209 (1975)
Mary Agnes Russell SIMPSON, Appellant,
v.
The FIRST NATIONAL BANK AND TRUST COMPANY OF LAKE WORTH, etc., et al., Appellees.
No. 75-34.
District Court of Appeal of Florida, Fourth District.
July 31, 1975.
*210 Phillip C. Asher of Jackson & Jackson, Palm Beach, for appellant.
Walter B. Hutcheson, Jr., of McGee, Johnson, Jordan, Hutcheson & Young, Lake Worth, for appellees.
WALDEN, Chief Judge.
Appellant's amended complaint stated a sufficient cause of action for declaratory relief under Fla. Stat. § 86.011 (1973). She sought a determination of her rights to contribution from her late husband's estate, arising out of the fact that they had jointly signed a promissory note, now due. Although the note has not been reduced to judgment and appellant has thus far not made actual payment, the issue is critical at the present. Depending on time sequence and future adjudications, the non-claim statute, Fla. Stat. § 733.702 (Supp. 1974), would bar a future recovery.[1] The non-claim statute reads in part:
"733.702 Limitations on presentation of claims. 
"(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act ... of the decedent, shall be binding on an estate, or on the personal representative, or on any beneficiary, unless presented as follows:
"(a) Within four (4) months from the time of the first publication of the notice to creditors, ..." (Emphasis added.)
Appellant is possessed of a contingent claim, based upon her paying the monies due on the promissory note. By the very words of the statute that type of claim must be filed and recognized within the non-claim statute time limit of four *211 months, or be rendered void. In Furlong v. Leybourne, 171 So.2d 1 (Fla. 1964), a deceased's children were the remaindermen to mortgaged property; the deceased's widow had a life estate in the property. The Supreme Court held that the children could, and should, file a contingent claim against their father's estate for future payments to be made by them toward the mortgage indebtedness. That court held:
"Filing of contingent claims against an estate is recognized by our laws. Section 733.16, Florida Statutes, F.S.A., refers to the filing of a `claim or demand, whether due or not, direct or contingent, liquidated or unliquidated.'" Id. at 5.
and
"Had they not timely filed their contingent claim it would have been barred." Id. at 5.
Appellees here sought to distinguish Furlong v. Leybourne, supra, by arguing it dealt only with the subordination of creditor rights to remaindermen. That is too narrow a view of the holding. In this case the analogous problem of the contingent right of contribution from a co-debtor also requires the filing of a claim within the non-claim time limit. Appellees have argued that a claim for contribution may be made against the estate only when it matures, Lopez v. Lopez, 90 So.2d 456 (Fla. 1956), and that appellant could obtain relief at such time as she makes the payments, Gibson v. Mitchell, 16 Fla. 520 (1968). In Gibson v. Mitchell, supra, a claimant was allowed to bring action against the beneficiaries for a claim which matured after the non-claim time limit (then two years) had run.
These contentions are not persuasive. The Lopez court held only that a wife who had signed a mortgage note with her husband on property held by the entireties was not entitled to contribution from his estate, not because her claim was contingent, but because she now had complete title to the property and the mortgage was:
"a burden borne wholly by each on the whole estate which each holds, simultaneously with the other, and because there is no benefit or enrichment to the deceased, or his estate, a surviving spouse is not entitled to contribution from the estate of the deceased spouse on a purchase money mortgage executed by both spouses for the purchase of lands, title to which is taken in an estate by the entireties." Id. at 459.
The only mention of the contingent nature of the claim was made by the court as follows:
"We point out that although we have considered the matter before us solely on the question of whether contribution should be allowed, we understand that contribution is allowed only when the party seeking contribution has made payment of the obligation in question. Ratte v. Ratte, [260 Mass. 165, 156 N.E. 870] supra. While the right to contribution arises at the time of creation of the relationship which creates it, it is only a contingent right until payment is made by the complaining party." (Emphasis added.) Id. at 459.
and does not negate the notion that that contingent claim could be filed against a decedent's estate within the time limits of the non-claim statute. True it cannot be collected, but it can be recognized before the statute runs.
The case of Gibson v. Mitchell, supra, is not applicable. The non-claim statute in force at that time did not allow for the filing of contingent claims. The present statute does so allow, and the appellant properly sought to have her claim recognized within the time period prescribed in Fla. Stat. § 733.16(1) (1973), now replaced by Fla. Stat. 733.702 (Supp. 1974). The new probate chapter includes the following section, which further indicates that contingent claims must be filed:
"733.703 Form and manner of presenting claim.  A creditor shall file with the *212 clerk a written statement of the claim indicating its basis, the name and address of the creditor or his agent or attorney and the amount claimed. The claim is presented when filed. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated ..." Fla. Stat. § 733.703 (Supp. 1974)
The non-claim statute is designed to facilitate estate probations, to afford a prompt statement of claims, (witness the shortening of the time limitation on claims from two years in the 1920 Florida Statutes § 3739 to four months, Fla. Stat. § 733.702 (Supp. 1974)) and to afford creditors and beneficiaries a prompt yet accurate appraisal of their rights.
We reverse with respectful directions to entertain appellant's complaint to the end that she be afforded a declaratory judgment as to her rights, contingent or otherwise, to contribution from her husband's estate.
Reversed and remanded.
CROSS and MAGER, JJ., concur.
NOTES
[1] This statute became applicable on July 1, 1975. We cite to this law because an appellate court must dispose of a case according to law prevailing at the time of the appellate disposition. In Re Estate of McCartney, 299 So.2d 5 (Fla. 1974); Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967); Fitzsimmons v. City of Pensacola, 297 So.2d 107 (1st DCA Fla. 1974); Personnel Board of Miami Beach v. Majewski, 227 So.2d 498 (3d DCA Fla. 1969). We note the prior law, Fla. Stat., § 733.16 (1973), under which the trial court ruled, is identical to the new statute in all pertinent respects.