386 So.2d 625 (1980)
Donald J. KOSCHMEDER and Allstate Insurance Company, Appellants,
v.
Tommie Mae GRIFFIN, As Personal Representative of the Estate of Robert Lee Griffin, Deceased, Appellee.
No. 79-777.
District Court of Appeal of Florida, Fourth District.
August 13, 1980.
Michael B. Davis, of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellants.
Michael Jeffries, of Neill, Griffin, Jeffries & Lloyd, Chartered, Fort Pierce, for appellee.
RIVKIND, LEONARD, Associate Judge.
This is an appeal from a dismissal with prejudice of a second amended third party complaint for contribution by defendants/appellants, Donald J. Koschmeder and Allstate Insurance Company. The appellee is the third party defendant, Tommie Mae Griffin, personal representative of the Estate of Robert Lee Griffin, deceased. The second amended third party complaint alleges that on August 14, 1976, an automobile accident occurred in Indian River County between a vehicle operated by Robert Lee Griffin in which Jane G. Stephens, Bessie Bell Griffin and Gracie Lee Griffin were passengers, and a vehicle operated by Donald J. Koschmeder. Robert Lee Griffin, Bessie Bell Griffin and Gracie Lee Griffin subsequently died.
A probate proceeding was commenced in St. Lucie County for the estate of Robert Lee Griffin, and Tommie Mae Griffin was appointed personal representative. On November 16, 1977, a Notice of Administration was published by the personal representative, providing the period for filing of claims against the estate would terminate on February 16, 1978.
On August 14, 1978, appellants, Donald J. Koschmeder and Allstate Insurance Company, his liability carrier, were served with *626 process in three actions: one brought by Jane Stephens individually, and two brought by Jane Stephens as the personal representative of the estates of Gracie Lee Griffin and Bessie Bell Griffin. On August 23, 1978, appellants served third party complaints upon the Estate of Robert Lee Griffin, seeking contribution in each of the three cases. On September 15, 1978, appellants filed statements of claim in the Estate.
The trial court dismissed the second amended third party complaint for failure to file the "claims within the time prescribed by F.S. 733.702 (1977)."
The issue presented on appeal is whether an alleged tortfeasor is entitled to contribution under F.S. 768.31 (1977) from the estate of a joint tortfeasor notwithstanding that the notice of claim was not filed within the time prescribed by the non-claim statute.
Section 733.702, Florida Statutes (1977), provides:
Limitation on presentation of claims. 
(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, liquidated or unliquidated, and no claim for personal property in the possession of the personal representative or for damages, including, but not limited to, actions founded on fraud or other wrongful act or omission of the decedent, shall be binding on the estate, on the personal representative, or on any beneficiary, unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration ... (Emphasis added)
Appellants argue forcefully that no contingent claim for contribution exists until an injured party files suit for damages and reduces the claim to judgment. Appellants further argue that a party to an automobile accident may not believe he was at fault, may not believe there were any injuries, or (as in the case of an automobile manufacturer) may not even know that there was an accident. The requirement of filing a claim in the probate proceeding, appellants argue, pre-supposes awareness of a claim, which awareness may not reasonably exist. Appellants urge us to interpret the non-claim statute so that there would be no requirement for the presentation of a claim for contribution against the estate of a decedent until the underlying tort obligation is either claimed (by filing suit) or established (by judgment).
In Simpson v. First National Bank & Trust Company of Lake Worth, 318 So.2d 209, 210 (Fla. 4th DCA 1975), a widow sought a determination of her rights to contribution from her late husband's estate, arising out of the fact that they had jointly signed a promissory note, then due. This court decided that, albeit the note had not been reduced to judgment and the widow had not made actual payment, she properly sought to have her claim for contribution from her husband's estate recognized within the time period prescribed in the non-claim statute, which allows for the filing of contingent claims. The court held:
Appellant is possessed of a contingent claim, based upon her paying the monies due on the promissory note. By the very words of the statute that type of claim must be filed and recognized within the non-claim statute time limit of four months, or be rendered void... .
Appellants argue that Simpson is distinguishable because it involved contribution between co-debtors, "co-signatories on an underlying obligation which was existent, determined and known by all parties at the time of decedent's death." Appellants contend that contribution between joint or several tortfeasors differs for the reasons previously stated.
We do not quarrel with appellants concerning the distinguishable factual situation presented in Simpson. That case does not control the disposition of the instant case. What does control, we believe, is the public policy for the non-claim statute. In re Browns Estate, 117 So.2d 478, 480 (Fla. 1960), the Supreme Court stated:

*627 Public policy requires that estates of decedents be speedily and finally determined. It is pursuant to this policy that statutes of non-claim have been enacted by the legislature. It is not the purpose of the Probate Act to unreasonably restrict the rights of creditors, but the object of the Act is to expedite and facilitate the settlement of estates in the interest of the public welfare and for the benefits of those interested in decedent's estates.
We conclude that appellants were possessed of a contingent claim which arose upon the happening of the accident. It was, therefore, incumbent upon appellants to file a claim in the estate within three months from the first publication to creditors.[1] There will undoubtedly be occasions, such as the one here, where the statute will cause a harsh result. However, to hold otherwise would defeat the public policy considerations which resulted in the enactment of the statute.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.
NOTES
[1] Failure to file a claim or civil action within the three-month period when insurance exists does not bar a civil action but it does bar the right to enforce any personal liability of the decedent against the estate except to the extent of the insurance. F.S. 733.702(3)(b). We are told the decedent in the case sub judice was uninsured.