459 So.2d 1082 (1984)
GATES LEARJET Corporation, Bass Aviation, Inc., a Foreign Corporation, and the Insurance Company of the State of Pennsylvania, a Foreign Corporation, Petitioners,
v.
Linda Moyer, Etc., et al., Respondents.
Gates Learjet Corporation, Bass Aviation, Inc., Foreign Corporation, and the Insurance Company of the State of Pennsylvania, a Foreign Corporation, Petitioners,
v.
Margarita Hernandez, Etc., et al., Respondents.
Nos. 83-2495, 83-2566.
District Court of Appeal of Florida, Fourth District.
September 26, 1984.
Rehearing Denied December 19, 1984.
Kathleen M. O'Connor of Thornton, David & Murray, P.A., Miami, for petitioner-Gates Learjet Corporation.
*1083 Donna S. Catoe of Peters, Pickle, Flynn, Niemoeller & Downs, Miami, for petitioners-Bass Aviation, Inc., and Insurance Company of the State of Pennsylvania.
Michael K. McLemore of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., Miami, for respondent, Linda Moyer.
Sandra S. Barker of Squire, Sanders & Dempsey, Miami, for respondent, Margarita Hernandez.
GLICKSTEIN, Judge.
Gates Learjet Corporation was a defendant in two suits alleging the aircraft manufacturer's negligence, strict liability, and breach of warranty in connection with the death of the pilot and co-pilot of a Learjet that crashed. It petitions for writ of certiorari to quash the Broward County Circuit Court's partial summary judgments granted the respective plaintiffs, the decedents' personal representatives, on the petitioner's crossclaims and counter-crossclaim for contribution. We deny the petition.
The facts show that on March 3, 1982, the subject Learjet crashed approximately thirteen nautical miles north-northeast of Port-au-Prince. Both the pilot, Glenn Charles Moyer, and the co-pilot, Rafael Hernandez, were killed. In September, 1981, Moyer's personal representative and in March, 1982, Hernandez' personal representative filed suits against Gates Learjet, the airplane's manufacturer; the personal representative of the other pilot; and the lessor of the aircraft, Bass Aviation, see 453 So.2d 447 (Fla. 4th DCA 1984); as well as other defendants. In each case Gates Learjet's answer denied the allegations against it, set forth as an affirmative defense the comparative negligence on the part of the pilot whose personal representative was suing, and crossclaimed for contribution against the estate of the other pilot that was the codefendant. In each case the estate defendant moved and obtained partial summary judgment on the Gates Learjet crossclaim. In the Hernandez suit Moyer's estate had filed a crossclaim for contribution against Gates Learjet and Gates Learjet had also counter-crossclaimed against Moyer's estate. Moyer's personal representative obtained partial summary judgment on the counter-crossclaim as well. The basis for the partial summary judgments was that Section 733.702(1)(a), Florida Statutes, barred the claims against the estates except insofar as they were covered by insurance, if any.
The issue here is whether the trial court departed from the essential requirements of law when it granted estates/codefendants partial summary judgment on the crossclaims and a counter-crossclaim of petitioner/defendant. We conclude that it did not.
In granting the subject partial summary judgments the trial court properly relied both on the "non-claim" statute and on this court's opinion in Koschmeder v. Griffin, 386 So.2d 625 (Fla. 4th DCA 1980).
In the present case the appellant contends that section 733.702(1) applies only to claims or demands against the decedent's estate that arose before the decedent's death, and that its counterclaims and cross-counterclaim did not arise until after the respective decedents' deaths. It seeks to rely on the holding in May v. Vann, 15 Fla. 553 (1876), a suit against an intestate's estate filed after the non-claim statutory period had elapsed and after the intestate's co-surety had been sued on a note by the noteholder, and been adjudicated against. Our Supreme Court held the co-surety's suit was not barred by the non-claim statute, because the relation between the co-sureties was not that of a debt, demand, or claim, and a claim or demand did not accrue until one of co-sureties paid the note. The Court analogized to the settled application of the ordinary statute of limitations in the case of co-sureties. The Court said, "where even a claim does not arise except upon the happening of a contingency, and that contingency is in doubt and uncertainty, then there is no claim, debt or demand within the meaning of this [non-claim] statute... ." Id. at 557-558. We conclude that under the present statute, Vann is no *1084 longer viable. In Simpson v. First National Bank and Trust Company of Lake Worth, 318 So.2d 209 (Fla. 4th DCA 1975), this court distinguished the then existing legal circumstances from those that had existed at the time of Gibson v. Mitchell, 16 Fla. 519, 520 (1878). In Gibson a co-surety of the decedent was allowed to bring action against the estate's beneficiaries, to whom the estate had already been distributed, for a claim which matured after the non-claim time limit had run. In Simpson this court said the co-signer's claim was of the kind that had to be presented within the non-claim time limit, because now the non-claim statute comprehended the filing of contingent claims, whereas at the time of Gibson the statute did not do so.
Appellant also contends that "claims" as referred to in the non-claim statute means debts or pecuniary demands that could have been enforced against the decedent while he was still alive and could have been reduced to a simple money judgment. This is obviously not helpful nor correct, since the non-claim section itself mentions the inclusion within its scope of claims whether due or not, direct or contingent, or liquidated or unliquidated, and also claims for damages, including but not limited to actions founded on fraud or other wrongful act or omission of the decedent. At section 731.201(4), in the definitions portion of our probate law, claims are defined as "liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses." The definition explicitly excludes administration expenses and estate, inheritance, succession, or other death taxes.
At times pertinent to the case of Van Sciver v. Miami Beach First National Bank, 88 So.2d 912 (Fla. 1956), the non-claim statute "specifically applie[d] to any `claim or demand, whether due or not, direct or contingent, liquidated or unliquidated.'" Id. at 914. The former Mrs. Van Sciver's separation and trust agreement reached prior to divorce, called for the ex-husband's supplementation of the annual trust income of the ex-wife so that total income would be $3,000. The trial court found her claim for the deficiency during the year after her ex-husband's death time-barred because she had not filed it within the non-claim statute's time limit. The Supreme Court affirmed, writing:
"contingent claim" within the meaning of this section is one where the liability depends on some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability. Such a claim must be filed within the statutory period, as any other claim. American Surety Co. of New York v. Murphy, 151 Fla. 151, 9 So.2d 355.
Id.
We acknowledge the harshness of the holding in this case, as the court in Koschmeder admitted. It is especially harsh when the party affected is the manufacturer, who may not even have known of the accident. Nevertheless the policy basis for the non-claim statute, recited in Koschmeder,[1] makes clear that the legislature intended broad application of the non-claim statute. This reasoning is fortified by appellees' proposition that inasmuch as a common law tort claims perished with the tortfeasor, and laws in derogation of that law should be narrowly construed, the opportunity to make claims against deceased tortfeasors' estates should be no broader than statutory law clearly requires.
In the case of Toney v. Adair, 120 So.2d 622 (Fla. 3d DCA 1960), the appellate court, *1085 in upholding the dismissal of a claim filed against decedents' estates for wrongful death in an automobile accident, because the non-claim statute's time limit had not been observed, stated the non-claim statute takes precedence over the wrongful death statute's limitation period, and bottomed its affirmance on the very specific language of the non-claim statute that makes the statute apply to claims for damages founded on a wrongful act of the decedent. Gates Learjet's counterclaims are clearly such damage claims.
There are cases in foreign jurisdictions which, while not on all fours with the instant situation, come closer than most of the Florida cases, and have the same result. In Hurliman v. Bank of American National Trust and Savings Association, 141 Cal. App.2d 801, 297 P.2d 682 (1956), it was held that a similar non-claim statute barred a malpractice suit against a deceased physician where the tort was not discovered until the non-claim period had expired. In Lewis v. Knight, 144 N.E.2d 551 (Ohio App. 1955), a belatedly discovered unliquidated claim for loss of earning capacity due to a progressive physical disability was similarly held time-barred. On the other hand, in Pitzer v. Smith, 123 Cal. App.3d 73, 176 Cal. Rptr. 407 (1981), the court held presentation of the claim under the non-claim statute was not a prerequisite to maintaining an action against the decedent's executor where the liability arose after the decedent died. Pitzer is distinguishable in that the suit was occasioned by the death of a child cared for by following instructions in the deceased author's book. The child died more than three years after the statutory claim period had expired. Clearly, the claim in Pitzer did not exist until the child died.
If the deceased tortfeasors had liability insurance  which is not clear  the statute and the trial court's order allow counterclaims to the extent of such coverage. The statutory provision to this effect reinforces the policy objectives of the non-claims statute.
ANSTEAD, C.J., and LETTS, J., concur.
Thomas R. Trompeter, South Miami, for respondent-Margarita Hernandez on motion for rehearing.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
Petitioner Bass Aviation, Inc., seeks rehearing of this court's opinion in Gates Learjet Corporation v. Moyer, 459 So.2d 1082 (Fla. 4th DCA 1984). In that opinion this court denied the petition for writ of certiorari, thus affirming the trial court's entry of partial final summary judgment in favor of the plaintiffs/countercrossdefendants  the personal representatives of the aviators who died in the crash of Bass Aviation's airplane. Our authorities were section 733.702, Florida Statutes (1983), and Koschmeder v. Griffin, 386 So.2d 625 (Fla. 4th DCA 1980).
Petitioner accurately points out the potentiality of a harsh result in the instant case. Should it be found that the negligence of each of the aviators contributed to the death of the other, while one or more of the defendants were also tortfeasors; and should the liability of each aviator exceed in amount the applicable liability insurance he carried, if any, the surviving tortfeasors will be held for damages in excess of their pro rata shares. Thus, by applying the nonclaim statute, we frustrate the objective of the joint tortfeasors contribution statute, section 768.31, Florida Statutes (1983).
We acknowledged in our opinion that the result could be harsh. We reiterate, however, that at common law tort claims against decedents died with them, and a statutory provision in derogation of that principle should be read narrowly. The nonclaim statute permits tort claims against a decedent if filed within three months of first publication of the notice of administration; it cannot be construed to allow such filings at other times. If the legislature should find it in the interest of the people to roll back, further than the nonclaim statute has done, the common law stricture on tort claims against decedents, *1086 it can do so, but this court cannot overlook the existing statutory law.
We acknowlege that the law may affect the petitioner harshly, but rehearing could not produce a different result. Rehearing is denied.
ANSTEAD, C.J., and LETTS, J., concur.
NOTES
[1] The court quoted from In re Brown's Estate, 117 So.2d 478, 480 (Fla. 1960):

Public policy requires that estates of decedents be speedily and finally determined. It is pursuant to this policy that statutes of non-claim have been enacted by the legislature. It is not the purpose of the Probate Act to unreasonably restrict the rights of creditors, but the object of the Act is to expedite and facilitate the settlement of estates in the interest of the public welfare and for the benefits of those interested in decedent's estates.
386 So.2d at 627 (omitting footnote).