564 So.2d 555 (1990)
In re the ESTATE OF Rose V. VICKERY, Deceased.
Nos. 89-1104, 89-1279.
District Court of Appeal of Florida, Fourth District.
July 11, 1990.
*556 Peter J. Forman of Gustafson, Stephens, Ferris, Forman & Hall, P.A., and Patrick G. Kelley of Kelley, Herman & Mills, Fort Lauderdale, for appellants-R.O. Vickery, J.H. Vickery, M. Landsell, V.V. Sams, J.D. Vickery, J.V. Morrison, J.V. Wyndam, J.C. Kahler and C. Magee.
Fleming, O'Bryan & Fleming, P.A., and Harry S. Raleigh, Jr., of McCune, Hiaasen, Crum, Gardner & Duke, P.A., Fort Lauderdale (withdrawn as counsel after filing brief) for appellees-R.M. Gardner, Action-Impact, Inc., A.J. Verdi, J.S. Verdi, L. Shanks, C. Porter, M. Borton, D. Walton, T. Verdi, Prison Fellowship Ministries, UMF Intern., American Indian Liberation Crusade, Radio Bible Class, and Morning Cheer, Inc.
Diane Angella of Atkinson, Jenne, Diner, Stone & Cohen, P.A., Hollywood, for appellees-H.V. Almack and J. Porr.
J. Clifton Cox of Cox & Reynolds, P.A., Fort Lauderdale, for appellee-Greenhouse of Tender Grapes.
Robert A. Huth, Jr. of Robert A. Huth, Jr., P.A., Fort Lauderdale, for appellees-Coral Ridge Presbyterian Church, Inc., Westminister Academy, Evangelism Explosion III, Intern., Inc., WAFG Radio Station, Institute for Creation Research, Back to the Bible Broadcast, El Rancho Del Rey and Family Stations, Inc.
GARRETT, Judge.
This is a consolidated appeal. Appellants seek review of the dismissal of their breach of contract complaint and the striking of their probate claims.

BREACH OF CONTRACT COMPLAINT
In 1973, Hal Vickery, the husband of Rose Vickery, died a resident of Pennsylvania. His Last Will and Testament contained the following provision:
Almost all of the assets and property owned by my wife and me are held in our joint names, as tenants by the entirety. My wife and I have participated jointly in the efforts and in the monetary contributions which have gone into and resulted in the accumulations of these joint assets. We have decided between us as to how all these assets are to be distributed after both of us have died. Therefore, since these joint assets will pass under the will of the survivor of us, we are both making identical provisions in our wills for the disposition of such jointly owned assets and property, applicable and limited, of course, to only such part or portion thereof as shall then, on the death of the survivor of us, be in existence and still owned by such survivor, remaining unconsumed and available for such testamentary disposition.
Appellants filed a complaint in the civil division seeking damages from Rose Vickery's estate for breach of her mutual will agreement with Hal Vickery. However, the complaint contained no allegation or attachment that Rose Vickery executed a separate agreement to make a mutual will. The complaint merely referred to Hal Vickery's mutual will. The trial judge dismissed the complaint without explanation after appellee moved for a dismissal based on the untimeliness of the filed claims and the complaint's failure to state a cause of action.
Section 732.701, Florida Statutes (1987), provides:
(1) No agreement to make a will, to give a devise, not to revoke a will, not to revoke a devise, not to make a will, or not to make a devise shall be binding or enforceable unless the agreement is in writing and signed by the agreeing party in the presence of two witnesses.
(2) The execution of a joint will or mutual will neither creates a presumption of a contract to make a will nor creates a presumption of a contract not to revoke the will or wills.
The trial judge properly held that the complaint failed to state a cause of action. The complaint did not allege directly or through *557 any of the exhibits attached to it that Rose Vickery executed a separate agreement to make a mutual will. See Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980) (without allegations of a separate agreement even a complaint with both mutual wills attached does not state a cause of action).[1]

PROBATE CLAIM
The probate court's final order of dismissal states the uncontroverted facts:
The decedent Rose Vickery, died on June 23, 1987. Her last will and testament dated May 21, 1985 was admitted to probate, and Russell M. Gardner was appointed Personal Representative on July 17, 1987. A Notice of Administration (Notice to creditors and claimants) was published in the Broward Review on August 11, 1987 and August 18, 1987. Other than this publication, the Notice of Administration was not personally served on any of the claimants except Robert O. Vickery and Julius H. Vickery, who were served by certified mail on May 23, 1988, after the Personal Representative became aware of the pending claims. The period for filing claims in the estate under Florida Statutes § 733.702, expired on November 11, 1987. After the expiration of the claims period, the claimants listed below filed claims on the dates noted below:

 Robert O. Vickery June 7, 1988
 Julius H. Vickery June 11, 1988
 Marion Lansdell June 8, 1988
 Virginia Vickery Sams August 15, 1988
 James D. Vickery September 23, 1988
 Jane [V.] Morrison August 1, 1988
 Judy [V.] Wyndham August 3, 1988
 Joy C. Kahler July 12, 1988
 Carol Magee August 1, 1988

All claims are identical and assert that the decedent breached a contract allegedly established under a "joint or mutual will" executed prior to the will which was admitted to probate.
The Personal Representative filed Motions to Strike each of the statements of claim on the grounds that the claims were not timely filed and were, therefore, barred pursuant to the provisions of Florida Statutes § 733.702.
The claimants replied to the Motions to Strike and requested an extension of time to file their claims, asserting that they were either known to or readily ascertainable by the Personal Representative, and therefore, should have been personally served with the Notice of Administration of this estate under the opinion of the United States Supreme Court in Tulsa Professional Collection Services, Inc. v. Pope [485 U.S. 478] 108 S.Ct. 1340 [99 L.Ed.2d 565] (1988)[.]
In addition, appellant Marion Lansdell first learned of Rose Vickery's death in December of 1987, a month after the claims period had run and then notified the other appellants.
The probate court found:
1. The timely filing of a statement of claim was a prerequisite to the maintenance of the claims asserted by the claimants in this cause; Hofer v. Caldwell, 53 So.2d 872 873 (Fla. 1951); Landers v. Sherwin, 261 So.2d 542 (4th DCA 1972); Gates Learjet Corp. v. Moyer, 459 So.2d 1082 (1984).
2. In that the claimants' identity as creditors were neither known to nor reasonably ascertainable by the Personal Representative, publication of the Notice of Administration in this cause was sufficient to satisfy due process considerations as expressed in Tulsa Professional Collection Services, Inc. v. Pope [485 U.S. 478] 108 S.Ct. 1340 [99 L.Ed.2d 565] (1988).
The probate division judge granted the appellee's motions to strike.
Appellants' claims arose in 1973 when Hal Vickery's mutual will was admitted to probate. However, such claims were contingent upon Rose Vickery executing a mutual will. As contingent claims arising before the 1987 death of Rose Vickery, each appellant had three months from the date of the first publication of the notice of *558 administration to present a claim. § 733.702(1), Fla. Stat. (1987); See Gates Learjet Corp. v. Moyer, 459 So.2d 1082, 1083 (Fla. 4th DCA 1984), cert. denied sub. nom., Bass Aviation, Inc. v. Hernandez, 471 U.S. 1136, 105 S.Ct. 2676, 86 L.Ed.2d 695 (1985). No appellant presented a claim before the claims period expiration date. On July 11, 1988, seven months after the first appellant received notice of Rose Vickery's death, appellants filed a motion to extend the time to file their claims. Since reasonable men could differ as to the propriety of the probate judge's denial of the motion, we cannot find an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
The record contains substantial competent evidence to support the trial court finding that appellants were not known or reasonably ascertainable creditors that had to be given notice by mail or other means to insure actual notice of the administration of Rose Vickery's estate. See Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). The personal representative, an attorney, had represented Hal Vickery in real estate matters and handled some of his estate work, but had never discussed wills or estate planning with him. Rose Vickery's will was prepared by the personal representative, but he had no knowledge of any other document which disposed of her property. Nothing in her will revealed the existence of a mutual will arrangement. Rose Vickery's sisters cleaned her apartment and threw away many items, but gave the personal representative her box of financial papers. He made a cursory search of Rose's apartment and also recovered the contents of her safe deposit box. No one found an agreement for mutual wills or a mutual will executed by her.
Accordingly, we affirm the striking of appellant's probate claim and the dismissal of their breach of contract complaint.
WALDEN and GUNTHER, JJ., concur.
NOTES
[1] The result is the same whether we apply Pennsylvania or Florida law. Estate of Kester, 477 Pa. 243, 383 A.2d 914 (1978) (mutual will may be revoked by either comaker unless power to do so specifically surrendered by contract).