766 So.2d 330 (2000)
In re ESTATE OF Mary ORTOLANO, Deceased.
The North County Company, Appellant,
v.
Mary Lou O. Goforth and Phyllis O. Rowe, Co-Personal Representatives, Appellees.
No. 4D99-1872.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
*331 Martha S. Eskuchen, Juno Beach, for appellant.
James C. Blanton, West Palm Beach, for appellees.
POLEN, J.
The North County Corporation appeals from a probate court order striking its claim against the Estate of Mary Ortolano ("Estate"). It argues that the trial court erred in finding that it was not owed actual notice of the administration of the estate. We agree and, thus, reverse.
Probate administration of the subject Estate was opened on September 29, 1998. The court appointed Marylou Goforth and Phyllis Rowe as co-personal representatives. On October 8, 1999, the personal representatives published the notice of administration of the estate. It, however, did not send North County actual notice.
North County filed a claim with the Estate one month after the period for filing claims ended. It alleged that Ortolano owed it rent from certain condominiums. The viability of this claim, however, was the subject of pending litigation by North County against the decedent and Rowe. North County claimed that because the personal representatives were aware of the pending suit, they had knowledge of its claim against the Estate. As such, North County argues it was owed actual notice.
The Estate moved to strike North County's claim. It asserted that North County did not file a claim within the relevant statutory period. It also argued that North County was not entitled to actual notice because its claim was contingent.
*332 Following a hearing, the trial court struck North County's claim. Citing U.S. Trust Co. of Florida Savings Bank v. Haig, 694 So.2d 769 (Fla. 4th DCA 1997), it found that North County was not owed actual notice because it had only a contingent claim. North County moved for rehearing, which was subsequently denied. This timely appeal followed.
All claims against an estate, whether due or not, and whether direct or contingent, must be filed in a probate proceeding within ninety days after the first publication of notice of administration. § 733.702(1), Fla. Stat. (1995). The court can extend this time only upon a showing of fraud, estoppel, or insufficient notice of the claims period. § 733.702(3); American & Foreign Ins. Co. v. Dimson, 645 So.2d 45, 48 (Fla. 4th DCA 1994). The standard of review of an order striking a claim against an estate for being untimely filed is whether the trial court abused its discretion. See In re Estate of Vickery, 564 So.2d 555, 558 (Fla. 4th DCA 1990)(holding the trial court did not abuse its discretion in striking untimely claim against the estate).
North County argues it was entitled to actual notice of administration because the personal representatives had actual knowledge of its claim. We agree. Section 733.212(4)(a), Florida Statutes, provides that a personal representative is required to "promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable and shall serve on those creditors a copy of the notice within three months after the first publication of the notice." § 733.212(4)(a), Fla. Stat.; Haig, 694 So.2d at 770. Specifically, if a party's identity as a creditor is known or reasonably ascertainable, due process requires the personal representative to give notice by any means that is certain to ensure actual notice of the running of the non-claim period. Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478, 491, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Here, it is undisputed that the personal representatives knew of the pending litigation against the deceased; therefore, we hold they had actual knowledge of North County's claim against the Estate and, thus, were required to provide it actual notice. Consequently, we hold the trial court abused its discretion in striking North County's claim for being untimely filed.
In this regard, while North County may have stipulated its claim was contingent, the only contingency was its winning the pending lawsuit. While actual notice under section 733.212(4)(a) is owed only to ascertainable creditors, not to contingent or conjectural claimants, Haig, 694 So.2d at 771, the events that allegedly establish North County's claim of liability have already occurred. In this respect, we hold the trial court erred in relying on Haig, where we held that no actual notice was required where the personal representative was unaware of a potential claim that depended on a future event to establish liability. Id. Unlike Haig, North County's claim was known and did not depend "upon some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability." Id. (citations omitted). Thus, we do not find the Estate's argument here persuasive.
We also reverse because the personal representatives failed to file a suggestion of death in the ongoing civil suit pursuant to Rule 1.260(a)(2), Florida Rules of Civil Procedure, or otherwise notify North County of Ortolano's death. Where the legal representative of the decedent's estate has knowledge of the pendency of a suit against the deceased, it has the duty to inform the attorneys of record of the decedent's death. Davis v. Evans, 132 So.2d 476, 481 (Fla. 1st DCA 1961); see Scutieri v. Miller, 584 So.2d 15, 17 (Fla. 3d DCA 1991)(holding when a defendant dies during the pendency of a lawsuit, defense counsel has an obligation to promptly disclose *333 the status of the estate, identity of the personal representative, or where appropriate, the identity of the next of kin or successors in interest). Therefore, the failure to file a suggestion of death or otherwise notify the attorneys of record until after the statutory period for filing claims against the decedent's estate has expired estops the estate from asserting that the claim was untimely filed. Evans, 132 So.2d at 481. Thus, the Estate is estopped from arguing North County's claim was untimely filed. Cf. Scutieri, 584 So.2d at 16 (holding plaintiffs counsel cannot be charged with the responsibility to respond to a suggestion of death of which he had no knowledge).
REVERSED.
FARMER and HAZOURI, JJ., concur.