GREEN, Judge.
In this personal injury action against Ralph Foster, III, as personal representative of the estate of Tracey K. Garey, deceased, Foster appeals the trial court’s order granting plaintiff Laura Cianci’s motion for extension of time to file her claim against the estate. We affirm.
Foster contends that Cianci’s personal injury action, about which he had timely knowledge, constitutes a contingent claim and therefore Cianci was not entitled to creditor notice as provided by section 733.212, Florida Statutes (1999). See Tulsa Prof'l Collection Sews., Inc. v. Pope, 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (recognizing that due process does not require actual notice to those with mere “conjectural claims”); Spohr v. Berryman, 589 So.2d 225, 227 (Fla.1991) (holding that a contingent claim is “one where the liability depends on some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability”); U.S. *1182 Trust Co. of Fla. Savings Bank v. Haig, 694 So.2d 769, 771 (Fla. 4th DCA 1997) (holding that “actual notice is only owed to ascertainable creditors. Such notice is not due to contingent or conjectural claimants”).
Cianci contends that her personal injury tort action is neither contingent nor conjectural and that, based upon due process considerations, she was entitled to actual notice from Foster as personal representative. She contends that this due process requirement is based on the circumstance that probate proceedings are deemed actions of the state. See Pope, 485 U.S. at 487, 108 S.Ct. 1340 (recognizing that probate proceedings are state actions and therefore requirements of due process mandate actual notice to nonconjeetural claimants). Cianci therefore contends that the trial judge was correct in granting her an extension for the filing of her claim inasmuch as this is one of the statutory relief provisions in section 733.212, Florida Statutes (1999). See § 733.702(3), Fla. Stat. (1999).
The facts are that Cianci filed a personal injury action against Tracey K. Garey for injuries received while walking on Garey’s pier. Garey died prior to being served with the summons and complaint. Cianci learned of Garey’s death and the appointment of Foster as personal representative prior to expiration of the estate claims period. Cianci’s lawsuit was amended to substitute Foster as personal representative, and Foster was served with the summons and amended complaint before expiration of the claims period. Foster was later served with a second amended complaint before the period expired. The period for filing claims then expired and Foster, as personal representative, filed an answer to the second amended complaint asserting that Cianci’s claim was barred by failure to timely file her claim in the probate proceeding. Cianci immediately filed a motion to extend the time for filing her claim, and the trial court granted her motion. It is the order granting Cianci’s motion which is being appealed.
We are left with a situation whereby Foster had knowledge of Cianci’s claim and did not give her actual notice with respect to the necessity of filing her claim in the probate proceeding. On the other hand, Cianci was aware that the estate was being probated but failed to file her claim in the probate proceeding. We conclude that the personal injury action of Cianci is not a contingent claim any more than any number of disputed creditor claims filed against estates. See In re Estate of Orto-lano, 766 So.2d 330 (Fla. 4th DCA 2000) (citing Haig, 694 So.2d at 771). The sole contingency is that Cianci must establish liability based on facts which occurred before the death of Tracey K. Garey.
The legislature has addressed the matter of tort actions by determining that “claims” means “liability of the decedent whether arising in contract, tort, or otherwise, and funeral expenses.” § 731.201(4), Fla. Stat. (1999); see Gates Learjet Corp. v. Moyer, 459 So.2d 1082, 1084 (Fla. 4th DCA 1984) (explaining that while section 731.201(4) defines claims as “liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses,” this definition explicitly excludes administration expenses). Furthermore, section 733.104(2), Florida Statutes (1999), provides:
If a person against whom a cause of action exists dies before the expiration of the time limited for commencement of the action and the cause of action survives, claim shall be filed on the cause of action, and it shall then proceed as other claims against the estate, notwithstanding the expiration of the time limited for commencement of the action.
We therefore conclude that Cianci’s tort cause of action was not a contingent claim so as to relieve Foster of the responsibility of giving Cianci actual notice of the necessity of filing her claim. See Fla. Probate R. 5.240; § 733.212(4)(a), Fla. Stat. (1999); Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 *1183 L.Ed.2d 565; Briggs v. Estate of Geelhoed, 543 So.2d 332 (Fla. 4th DCA 1989) (holding mortgagor’s death prior to expiration of statute of limitations on action for enforcement of note and mortgage tolled running of limitations period for time during which claims against estate could be filed); Ortolano, 766 So.2d at 332 (holding that personal representative owed actual notice to civil litigant known to the personal representative at time of decedent’s death; lack of notice allowed civil litigant to file late claim).
Cianci was entitled to file her claim by reason of Foster’s inaction.
Affirmed.
FULMER, A.C.J., and NORTHCUTT, J., Concur.