837 So.2d 448 (2002)
Christopher MILLER, an interested party and beneficiary of the Estate of Elaine Benedict Baer and Joyce Mussano, Personal Representative of the Estate of Elaine Benedict Baer, Appellants,
v.
ESTATE OF Elaine Benedict BAER, and Citibank, FSB, Appellees.
Nos. 4D01-3763, 4D01-4792, 4D02-53.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
Rehearing Denied February 26, 2003.
Jay B. Watson of Asbury & Watson, P.A., Jacksonville, for appellant Christopher Miller.
Kimberly L. Boldt of Angelo, Barry & Boldt, P.A., Fort Lauderdale, for appellant Joyce Mussano.
*449 Jack A. Falk, Jr. of Dunwody, White & Landon, P.A., Coral Gables, for appellee Citibank, FSB.
HAZOURI, J.
This consolidated appeal involves orders entered in a probate proceeding in which Citibank sought to enforce its claim against the Estate of Elaine Benedict Baer. After conducting an evidentiary hearing, the trial court ruled in favor of Citibank enforcing its claim against the estate, requiring the return of improper distributions to beneficiaries, Christopher Miller and Lisa Benedict[1] that resulted in a shortfall in estate assets to pay Citibank's claim, and holding the personal representative, Joyce Mussano, personally responsible for the shortfall in the estate's assets which were insufficient to pay Citibank's claim. We affirm.
In 1994 and 1995, Citibank loaned $250,000 and then $150,000 to a general partnership called "Elaine Benedict Baer" that was engaged in the clothing business. The general partners of the partnership were Elaine Benedict Baer, her husband, Martin Baer, and Donald Drotman. As a general partner, Elaine Benedict Baer signed the Citibank loan documents evidencing the loan and also signed as an individual guarantor of the indebtedness.
Elaine Benedict Baer died on September 23, 1996. Joyce Mussano was appointed personal representative of her estate. The petition for administration was filed on November 5, 1996. Under the statutes that existed at the time of the decedent's death,[2] section 733.212(1), Florida Statutes (1995), required that the personal representative promptly publish a notice of administration containing the name of the decedent and other relevant information so that the creditor could file a claim against the estate. In addition, section 733.212(4)(a) provided:
The personal representative shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable and shall serve on those creditors a copy of the notice within 3 months after the first publication of the notice. Impracticable and extended searches are not required ...
Pursuant to section 733.702(1), Florida Statutes (1995), creditors had three months after the time of the first publication of the notice of administration to file their claim against the estate or it was time barred. Mussano complied with section 733.212(1) and published a notice of administration on December 4, 1996.
Creditors that were not entitled to actual notice under section 733.212(4)(a) had until March 4, 1997, to file their claims or be time barred. Citibank was not directly served with a notice of administration regarding the decedent's estate and also failed to file its claim before the non-claim period ended on March 4, 1997. Citibank did not file its petition for extension of time to file claim until August 24, 1998, almost two years after Elaine Benedict Baer died. The essential issue in this consolidated appeal is whether the trial court abused its discretion in allowing Citibank to file its claim after the expiration of the non-claim period on the grounds of insufficient notice.
*450 The appellants contend that the lower court erred in determining that Citibank was a reasonably ascertainable creditor of the decedent, thereby entitling Citibank to actual notice of the administration of the estate. Appellants argue that Citibank was a contingent creditor and as such rely on this court's holding in U.S. Trust Co. of Florida Savings Bank v. Haig, 694 So.2d 769 (Fla. 4th DCA 1997) (reversing an order granting a motion to extend time to file a claim against the estate because the claim was contingent or conjectural and, therefore, the creditor was not entitled to actual notice).
In Haig, appellees purchased a residence from the decedent. In return, the decedent received a purchase money mortgage on the residence and also executed a five-year guaranty in favor of appellees. The guaranty provided that a portion of the house would be free from leaks and cracks caused by structural defects. In the event a defect appeared within the guaranty period, the decedent would repair it or appellees would be entitled to a set-off against the mortgage. The guaranty also set forth a procedure for making claims under the agreement. Id. at 770.
Appellees argued that they were entitled to actual notice of the claims period because they were a reasonably ascertainable creditor of the decedent's estate. This court found, upon review of the record, that appellees' claim was contingent because in order for a cause of action to accrue under the guaranty agreement, appellees would have to prove that there was a defect that was covered under the guaranty. Id. at 771. Furthermore, even if it could be determined that the alleged defects were covered under the guaranty, the amount of the potential claim had yet to be quantified at the time of the decedent's death.
Unlike Haig, in the instant case the amount of the guaranty was clearly defined. When Elaine Benedict Baer died on September 23, 1996, she was not only an obligor of the Citibank debt, as a general partner of the partnership, she was also a guarantor. The loan documents clearly state that her death constituted a default of the Citibank loans, thereby making her personally liable on the guaranty.
At the trial court, there was a factual dispute as to whether the estate had actual knowledge of the claim. The trial court conducted an evidentiary hearing and concluded that Citibank was a known or reasonably ascertainable creditor of the estate at the time of the decedent's death and, therefore, was entitled to actual notice, not simply notice by publication. See Tulsa Prof'l Collection Serv., Inc. v. Pope, 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (holding that if a party's identity as a creditor is known or reasonably ascertainable, due process requires the personal representative to give notice by any means that is certain to ensure actual notice of the running of the non-claim period).
The standard of review is whether the trial court abused its discretion. See Estate of Ortolano v. Goforth, 766 So.2d 330, 332 (Fla. 4th DCA 2000); Estate of Vickery, 564 So.2d 555, 558 (Fla. 4th DCA 1990). Upon review of the record of the evidentiary hearing, we hold that there is substantial competent evidence to support the trial court's decision. We find that the trial court did not abuse its discretion.
We do not find the remaining points raised by the appellants to be persuasive and affirm without discussion.
POLEN, C.J., and GUNTHER, J., concur.
NOTES
[1] Lisa Benedict is not a party to this appeal.
[2] Effective January 1, 2002, section 733.212 was re-written and section 733.2121, Florida Statutes was added. Section 733.2121(3)(a) provides: The personal representative shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable, even if the claims are unmatured, contingent, or unliquidated, and shall promptly serve a copy of the notice on those creditors. Impracticable and extended searches are not required ...