909 So.2d 443 (2005)
Kathyleen LONGMIRE, Appellant,
v.
ESTATE OF Susie RUFFIN, Appellee.
Nos. 4D03-4095, 4D04-1925.
District Court of Appeal of Florida, Fourth District.
August 24, 2005.
Helene Hvizd Morris and Gwendolyn Key Tuggle, West Palm Beach, for appellant.
*444 Philip M. Burlington of Philip M. Burlington, P.A., West Palm Beach, and Raymond M. Christian, P.A., Palm Beach Gardens, for appellee.
STONE, J.
Longmire appeals an order denying her motion to extend the time to file a claim in probate. We have consolidated Longmire's appeal of a final judgment on cross-claim and order of dismissal in an underlying personal injury/wrongful death suit. The dismissal of the tort case is founded on the probate order rejecting Longmire's claim against the appellee estate as untimely. We reverse as to both.
The probate order is based on the trial court's conclusion that Longmire was not entitled to actual notice of probate because she was not a known or reasonably ascertainable creditor of the estate. The trial court took the view that Longmire's claim was contingent and conjectural and, therefore, she was not entitled to actual notice of probate.
The decedent, Susie Ruffin, was the driver of an automobile in a collision with a tractor trailer driven by Roy Hall and owned by J.E.T. Farms (Jet). Two of the four passengers in Mrs. Ruffin's vehicle were Longmire, her friend, and Arthur Ruffin, the decedent's husband. Hall was cited for the accident; Mrs. Ruffin was not, although there was evidence that she was speeding. Everyone in the car was injured and, nearly seven months later, Mrs. Ruffin died.
Prior to her death, attorneys for the five claimants met to discuss strategy against Hall and Jet. Mrs. Ruffin's insurance coverage was limited to PIP, while Jet's liability policy had a $4 million limit. At the meeting, Longmire's attorney circulated a draft of a prospective complaint, naming Mrs. Ruffin as a co-defendant. The accident reconstructionist's report was still outstanding at this point in time. At the meeting, the potential plaintiffs agreed to make a joint demand of Hall and Jet, and Longmire agreed to put her claim against Mrs. Ruffin on hold. Suit was filed by Longmire, Arthur Ruffin, and the other two passengers, shortly after Mrs. Ruffin's death.
The petition in probate was filed on September 27, 2001, and notice to creditors was published at the same time. Despite his undisputed awareness of the litigation in process, and familiarity with an accident report noting Mrs. Ruffin's speeding, the personal representative did not serve any of the passengers injured in the accident with actual notice that the estate had been opened. The estate's assets consist solely of the claim in the pending wrongful death suit.
Longmire became aware of the fact that an administration of the estate had commenced when, on November 6, 2001, her attorney received Mr. Ruffin's amended complaint against Hall and Jet, alleging wrongful death on behalf of the estate. This was forty days into the ninety-day period prior to the statutory claims bar. Sixty-four days later, on January 11, 2002, Longmire filed her notice of claim against the estate. This was fourteen days past the date for filing claims by creditors not entitled to actual notice.
Longmire filed the cross-claim against the estate because it became clear, as the litigation progressed, that the defendants' position was that Mrs. Ruffin had been speeding and was solely responsible for the accident.
It is undisputed that, pursuant to section 733.212, Florida Statutes, governing notice to creditors, reasonably ascertainable creditors must receive actual notice that the probate proceedings are pending. Additionally, section 733.702(1), Florida Statutes, *445 limits the time a creditor can successfully present probate claims to the later of three months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, thirty days after the date of service. § 733.702(1), Fla. Stat.
The estate contends that, because Longmire was not yet clearly adverse in the pending case, and because the trial had not yet resulted in determining and apportioning liability or damages, Longmire's claim was a contingent claim, dependent upon some future event. Cf. U.S. Trust Co. v. Haig, 694 So.2d 769 (Fla. 4th DCA 1997).
We conclude, however, that the circumstances here are analogous to those in Ortolano v. Goforth, 766 So.2d 330 (Fla. 4th DCA 2000). In Ortolano, we recognized that the claim was not contingent because "the events that allegedly establish [] liability have already occurred" and "the only contingency was [ ] winning the lawsuit." Ortolano, 766 So.2d at 332. In other words, the "claim" was not contingent, "payment" of it was. Similarly, the Second District, in Foster v. Cianci, 773 So.2d 1181 (Fla. 2d DCA 2000), ruled that a personal injury cause of action was not a contingent claim and actual notice was required.
We deem both Ortolano and Cianci on point. Each deals with litigation arising from known events that occurred prior to death. Haig, on the other hand, deals with a five-year guaranty for structural defects arising out of the sale of property; in the event defects were discovered in the future, the cost to repair would be offset against a mortgage balance. There, any potential claim would arise only for presently unknown defects that might surface in the future. At the time of death, no defect had been discovered and communicated to the decedent.
We note that the legislature has subsequently amended section 733.212. Section 733.212(a) now provides:
The personal representative shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable, even if the claims are unmatured, contingent, or unliquidated, and shall promptly serve a copy of the notice on those creditors. Impracticable and extended searches are not required....
Clearly, it is the legislature's intent that policy concerns for timely resolution of estates should not foreclose bona fide ascertainable claims against an estate. This amendment, as it is, is essentially a clarification of existing law.
On the consolidated wrongful death claim, the trial court based its decision to dismiss entirely upon the probate order denying an extension to file claim. It is undisputed that reversal of the one is dispositive of the other. Therefore, in each of the consolidated cases, we reverse and remand for further proceedings.
SHAHOOD and MAY, JJ., concur.