922 So.2d 1027 (2006)
Mark R. SIMPSON and Robert L. Simpson, Appellants,
v.
ESTATE OF H. James SIMPSON, Jr., etc., Appellee.
No. 5D05-333.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
Rehearing Denied March 14, 2006.
*1028 Thomas P. Callan, G. Robertson Dilg, and Timothy A. Dix, of Thomas P. Callan, P.A., Orlando; Charles W. Sell of Shuffield Lowman, Orlando; and Thomas W. Brown of Brannon, Brown, Haley, Robinson & Bullock, P.A., Lake City, for Appellants.
Marc L. Lubet and Lisa A. Franchina, Orlando, for Appellee.
PLEUS, C.J.
Mark Simpson and his father, Robert Simpson, appeal a final order discharging the personal representative, Anita Simpson, in the estate of James ("Jim") Simpson. They argue that the probate court abused its discretion in finding, in a prior order, that Mark was not a reasonably ascertainable creditor of Jim's estate. We agree and reverse.
Jim Simpson died on June 29, 2001. His wife and personal representative of his estate, Anita Simpson, filed her petition for administration on July 31, 2001. She published notice of administration on September 11 and 18, 2001.
On March 15, 2002, Jim and Anita's nephew, Mark Simpson, petitioned the probate court to allow him to file a late *1029 claim against Jim's estate. Mark alleged entitlement to 10.5 shares in the Mount Dora Groves Company, one of the Simpson family's citrus businesses, and asked the court to extend the time in which to file a claim on the grounds of fraud, estoppel and insufficient notice. Mark also filed an independent action in the circuit court. That action is being held in abeyance pending resolution of this appeal.
After an evidentiary hearing, the probate court concluded that Mark was not a reasonably ascertainable creditor of Jim's estate because his claim was that of a potential donee of an unexecuted gift, rather than that of one who is entitled to shares held in trust. Shortly thereafter, the court discharged Anita as the personal representative and this appeal ensued.
A probate court's determination of whether someone is a reasonably ascertainable claimant is subject to an abuse of discretion standard of review. See Miller v. Estate of Baer, 837 So.2d 448, 450 (Fla. 4th DCA 2002). Section 733.701, Florida Statutes (2001)[1] requires the personal representative to serve notice of administration on known or reasonably ascertainable creditors of the estate. Due process also requires that a known or reasonably ascertainable creditor be given notice of the commencement of probate proceedings. Strulowitz v. Cadle Co., 839 So.2d 876, 880 (Fla. 4th DCA 2003) (citing Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988)). If the personal representative fails to serve notice upon a known or reasonably ascertainable creditor, the creditor may seek an extension of time in which to file his claim based on fraud, estoppel or insufficient notice of the claims period. § 733.702(3), Fla. Stat.
Neither the parties nor the probate court disputed the fact that Mark's identity was reasonably ascertainable to Anita. He was her nephew. The issue was whether his claim was reasonably ascertainable. As noted in Strulowitz, "it is not just the claimant's identity but its `claim' that must be reasonably ascertainable." 839 So.2d at 880.
The undisputed evidence establishes that Mark's claim was not only reasonably ascertainable, it was known to Anita. Robert testified that shortly after Jim died, Anita said to him, "We've got to make sure Mark gets his stock." However, after Mark turned 21 on September 17, Anita changed her position, stating, "I can't do anything to get the stock to Mark for his 21st birthday because it's all tied up in the probate court, and we can't touch it." Then, on October 2, 2001, Robert wrote a letter to Anita asking her to give Mark the 10.5 shares of stock. Clearly, Anita had actual knowledge of Mark's potential claim.
Instead of ending its inquiry there, the probate court proceeded to determine the validity of Mark's claim. Under the applicable probate statutes, the merits of Mark's claim should have been determined in an independent action. In disputes over the validity of timely filed claims, section 733.705(4) requires the claimant to "bring an independent action upon the claim" if an objection to the claim is served. Section 733.705(5) contemplates the use of an independent action after the probate court permits the filing of an untimely claim. It states, "A claimant may bring an independent action or declaratory action upon a claim which was not timely *1030 filed pursuant to s. 733.702(1) only if the claimant has been granted an extension of time to file the claim pursuant to s. 733.702(3)." The term "independent action" requires the filing of a separate action upon a claim against the estate. In re Pridgeon's Estate, 349 So.2d 741 (Fla. 1st DCA 1977). This requirement allows pleadings and responses sufficient to set the issues before the court prior to hearing. In re Fornash's Estate, 372 So.2d 128, 129 (Fla. 2d DCA 1979).
In proceeding to the merits of Mark's claim and determining ownership of the 10.5 shares, the probate court effectively denied Mark the right to fully litigate the validity of his claim in an independent action. We therefore reverse the Order Finding that Mark R. Simpson is Not a Reasonably Ascertainable Claimant/Creditor and Order of Discharge. We also remand with directions to accept Mark's claim and allow the independent action to proceed accordingly. Based on our disposition of the central issue in this case, we decline to address the evidentiary issues that have been briefed by the parties.
REVERSED AND REMANDED WITH DIRECTIONS.
MONACO and TORPY, JJ., concur.
NOTES
[1] Unless otherwise noted, all citations to statutes in this opinion refer to the 2001 Florida Statutes. The applicable probate statutes were those in effect at the time of Jim's death. See, e.g., Becklund v. Fleming, 869 So.2d 1, 4 (Fla. 2d DCA 2003).