# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1651
Lower Tribunal No. 13-4495
_____

**Yvette Soriano,**
Appellant,

vs.

**In re: Estate of Luis F. Manes,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Hershoff, Lupino & Yagel and Robert C. Stober, for appellant.

Sergio L. Mendez and Daniel J. Mendez, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Yvette Soriano appeals an order denying her petition for an order declaring her statement of claim timely filed or, alternatively, for an extension of time to file a claim against the Estate of Luis F. Manes. We affirm the trial court's determinations that Ms. Soriano's claim was untimely, and that she was not a "reasonably ascertainable creditor" entitled to personal service of notice to creditors. Instead, she was merely a "conjectural creditor" for whom notice by publication was legally sufficient.

**FACTS**

Luis F. Manes ("Decedent") died on November 3, 2013. Decedent's former wife, Carmen Manes, filed an emergency petition for intestate administration in Miami-Dade County on November 12, 2013.[1] The court appointed Ms. Manes as personal representative on November 14, 2013, and ordered the estate be closed within twelve months if not contested. A notice to creditors was published in Miami-Dade County on November 21 and 29, 2013.

Four months later, on March 21, 2014, Ms. Soriano filed a statement of claim against the estate, alleging she had an unsecured claim "based upon an imminent private tort action against [the Decedent] stemming from a criminal charge he incurred on May 28, 2013 in Monroe County, Florida." Attached to the statement of claim was a document entitled "Traffic/Criminal Case Detail

---

[1] The petition was filed as an emergency because the sale of Decedent's insurance agency business was pending at the time of his death.

2

Information" which showed that the Decedent had been charged with misdemeanor battery in June 2013, and that the State nolle prossed the criminal case on December 4, 2013 (a month following Decedent's death).

Contemporaneous with her statement of claim, Ms. Soriano filed a petition for an order declaring her statement of claim timely filed, or in the alternative, for an extension of time to file her claim. In this unverified petition, Ms. Soriano alleged that she "was the victim of a battery in the course of obtaining employment at Decedent's insurance agency in Key Largo, Monroe County, Florida on May 28, 2013," that she had retained private counsel to investigate private litigation as a result of the battery, and that Decedent's criminal counsel was aware of this because Ms. Soriano's lawyer spoke on the phone with Decedent's criminal defense attorney and advised he was Ms. Soriano's attorney. Ms. Soriano asserted she was entitled to be personally served with the notice to creditors because she was a "reasonably ascertainable creditor." Ms. Soriano requested the court accept her notice of claim as timely filed or grant an extension for her to file her claim.

In response, Ms. Manes filed an affidavit, wherein she averred that she had conducted a diligent search and inquiry to determine the identities of the Decedent's creditors, and had served all those creditors whom she identified. Specifically, Ms. Manes averred in her affidavit that she:

3

● Searched Decedent's personal and business records both at his business and at his home;

● Extensively reviewed each and every document from Decedent's business in preparation for the sale of the business;

● Extensively reviewed each and every document from his personal residence in preparation for the sale of the residence and the clearing of the contents of his residence;

● Never discovered any documents regarding Ms. Soriano or regarding any claim or potential claim by Ms. Soriano;

● Spoke with Decedent once a week on average, and Decedent never mentioned Ms. Soriano, or that he had been charged with any crime involving Ms. Soriano; and

● Had never heard of Ms. Soriano until Ms. Manes was advised by the attorney for Decedent's estate that Ms. Soriano had filed a statement of claim.

Ms. Soriano filed three affidavits from the following individuals: (1) Luke Bovill, the prosecutor in the criminal case against the Decedent; (2) Elena Vigil-Farinas, the Decedent's criminal defense attorney; and (3) Robert C. Stober, Ms. Soriano's personal attorney. Bovill's affidavit averred that the Decedent was represented by Jessica Reilley, Esq.,[2] and that Bovill was aware Ms. Soriano had retained personal counsel. Vigil-Farinas' affidavit averred that the Decedent's

---

[2] It came out during the hearing on Soriano's petition that Reilley and Vigil-Farinas are law partners.

"wife contacted me and paid the retainer for [Decedent's] criminal defense." Finally, Stober's affidavit averred that he "was retained by Ms. Soriano to assist her with a workplace battery" committed by Decedent and that, on or about November 13, 2013,[3] he "spoke with Mr. Manes' criminal defense attorney, Jessica Reilly, and advised Ms. Reilly of my representation of Ms. Soriano." Following a hearing on Ms. Soriano's petition, the trial court denied the petition, finding Ms. Soriano was not an ascertainable creditor and struck the claim as untimely. This appeal followed.

### ANALYSIS

We review the trial court's ruling for an abuse of discretion. Jones v. Sun Bank/Miami, N.A., 609 So. 2d 98 (Fla. 3d DCA 1992). Florida law provides that:

> no claim or demand against the decedent's estate that arose before the death of the decedent . . . even if the claims are unmatured, contingent, or unliquidated . . . and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless filed in the probate proceeding on or before the later of the date that is 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, 30 days after the date of service on the creditor . . . .

---

[3] This conversation occurred ten days after the Decedent's death and one day after Ms. Manes filed the emergency petition for intestate administration.

5

§733.702(1), Fla. Stat. (2013).

This time limitation for filing a claim includes causes of action founded upon the wrongful act of the decedent. §733.702(2). If the court does not extend the time for filing an otherwise untimely claim, the claim is barred. §733.702(3). "An extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period." Id.

Pursuant to section 733.2121, Florida Statutes (2013), the personal representative is required to promptly (1) publish a notice to creditors once a week for two consecutive weeks in a newspaper published in the county where the estate is administered; (2) make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable, even if the claims are unmatured, contingent or unliquidated, and promptly serve a copy of the notice on those creditors. Importantly, "impracticable and extended searches are not required." §733.2121(3)(a).

The issue in this case is whether Soriano was a "reasonably ascertainable creditor," such that she was entitled to personal service of the notice to creditors.[4]

---

[4] Ms. Soriano also claims that the trial court erred in failing to conduct an evidentiary hearing to resolve the conflicts in the competing affidavits; however the affidavits filed by the parties can be reconciled and are not in conflict on the material facts; even accepting as true the averments in the petition and affidavits provided by Ms. Soriano, they fail to establish that Ms. Soriano was a "reasonably ascertainable creditor" and thus no evidentiary hearing was required. See Fla. Ins. Guar. v. Sill, 154 So. 3d 422 (Fla. 5th DCA 2014) (holding where underlying

6

Even accepting as true the averments in the affidavits of Ms. Soriano' counsel, the prosecutor, and Decedent's criminal defense attorney (together with the uncontested averments in Ms. Manes' affidavit), these averments fail to establish that Ms. Soriano was a reasonably ascertainable creditor.

The averments in the three affidavits filed by Ms. Soriano establish the following material facts and no more:

- Ms. Soriano was the victim of a criminal battery allegedly committed by Decedent on May 28, 2013;

- Decedent retained a criminal defense attorney to represent him and Ms. Manes[5] may have paid a retainer fee to the criminal defense attorney;

- When criminal defense counsel attempted to schedule a deposition of the victim (Ms. Soriano) without first seeking a court order, the prosecutor contacted Decedent's defense attorney to advise counsel that Ms. Soriano had her own personal attorney; and

- Ms. Soriano's attorney spoke to Decedent's defense attorney and advised he was representing Ms. Soriano.

_____

relevant facts are undisputed, no evidentiary hearing required).

[5] Decedent's criminal defense counsel averred in her affidavit that "Mr. Manes' <u>wife</u> contacted me and paid the retainer for Mr. Manes' criminal defense." (Emphasis added.) However, the affidavit does not identify "Mr. Manes' wife" by name, and it is undisputed that Decedent and Ms. Manes were divorced when he died and Decedent had not remarried. Even assuming that Ms. Manes was in fact the person who paid the retainer fee to Decedent's criminal defense attorney, it does not affect the analysis or outcome.

7

No affidavit or other evidence was presented to establish that Ms. Soriano or her counsel ever sent correspondence or otherwise notified Decedent, his counsel, or Ms. Manes that there was an actual or potential civil claim arising out of the pending criminal battery prosecution. The most that can be said is that Ms. Soriano was the victim of an alleged misdemeanor battery, and she had hired "personal counsel" who contacted Decedent's criminal defense attorney and advised that he was representing Ms. Soriano. The fact that Ms. Manes may have paid the retainer fee for Decedent's criminal defense is of no moment, as there is no evidence that Decedent's criminal defense counsel was ever made aware of any actual or potential civil claim by Ms. Soriano.

It is self-evident that Soriano was not a known or reasonably ascertainable creditor. In Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) the United States Supreme Court held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." However, the Court explained, it is not "unreasonable for the State to dispense with more certain notice to those beneficiaries whose interests are either conjectural or future. . . ." Id. at 317. Years later, in Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478 (1988), the Supreme Court applied

this principle to nonclaim statutes, such as the one at issue in this case. It recognized that <u>Mullane</u> had "disavowed any intent to require impracticable and extended searches . . . in the name of due process." <u>Pope</u>, 485 U.S. at 490. Thus, the <u>Pope</u> court held, publication notice is sufficient for creditors who are not known or "reasonably ascertainable," but for those creditors that are known or "reasonably ascertainable," due process requires actual notice. <u>Id.</u> at 489. Importantly, however, "all the . . . executrix need do is make 'reasonably diligent efforts' to uncover the identities of creditors," and not "everyone who may conceivably have a claim [is] properly considered a creditor entitled to actual notice . . . . [I]t is reasonable to dispense with actual notice to those with mere 'conjectural' claims." <u>Id.</u> at 490. <u>See also</u> <u>Strulowitz v. Cadle Co. II,</u> 839 So. 2d 876, 880 (Fla. 4th DCA 2003) (noting a "personal representative has no duty to speculate and conjecture that someone might possibly have a claim against the estate" (citing <u>Jones</u>, 609 So. 2d at 102)).

There is nothing in the affidavits filed by Ms. Soriano to suggest that Ms. Manes, or Decedent's criminal defense counsel, had any actual knowledge of Soriano's civil claim against Decedent. Nor is there any evidence (or assertion in the affidavits) that a search more diligent than that conducted by Ms. Manes would have revealed the existence of Ms. Soriano's claim. Neither Ms. Soriano nor her attorney placed Ms. Manes on notice of any such claim. In fact, the affidavits fail

9

to contain an averment that Ms. Soriano or her attorney placed *anyone* on notice that she was pursuing, or intended to pursue, a civil claim against Decedent or his estate.

It is the absence of any such averment that distinguishes the instant case from the cases relied upon by Ms. Soriano. Compare, e.g., In re Estate of Ortolano, 766 So. 2d 330 (Fla. 4th DCA 2000) (finding appellant was a reasonably ascertainable creditor where it was established that the personal representative had actual notice of the contingent creditor's claim); Foster v. Cianci, 773 So. 2d 1181 (Fla. 2d DCA 2000) (same).

The affidavits presented to the trial court failed to establish that Ms. Soriano was a reasonably ascertainable creditor and further failed to establish that Ms. Manes, following a diligent search, should reasonably have ascertained that Ms. Soriano had a claim or a potential claim. The trial court properly denied Ms. Soriano's petition because, as a mere conjectural creditor, she was not entitled to personal service of the notice to creditors, her petition was untimely, and her asserted claim was barred by section 733.702(1), Florida Statutes.

Affirmed.