DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID CEGLIO,** individually and as qualified beneficiary of the
**PAULINE THERESE MANTWILL LIVING TRUST**,
Appellant,

v.

**NANCY WOMER,** individually and as personal representative of the
**ESTATE OF DAVID MANTWILL,**
Appellee.

No. 4D2025-0718

[May 27, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502023CP004169XXXXNB.

Ashley Crispin Ackal and Meghan Elle Miller of McDonald Hopkins, LLC, West Palm Beach, for appellant.

Scott James Edwards, of Scott J. Edwards, P.A., Boca Raton, for appellee.

KLINGENSMITH, J.

Appellant David Ceglio, individually and as a qualified beneficiary of the Pauline Therese Mantwill Living Trust, seeks review of an order denying his motion for an extension of time to file a statement of claim against the decedent's estate and the subsequent order discharging the personal representative. Because the probate court did not abuse its discretion in determining that Ceglio was not a reasonably ascertainable creditor—and because that determination is supported by competent, substantial evidence and credibility findings to which we defer—we affirm.

## I.    Factual Background

The decedent died in July 2023 and was survived by his sister, Appellee Nancy Womer, who was appointed personal representative of the estate. Following Womer's appointment, she caused a "Notice to Creditors" to be published on September 1, 2023, advising all persons having claims

against the estate that such claims must be filed within three months of the date of first publication.

In administering the estate, Womer—who is legally blind—relied on the assistance of her son, as well as counsel, to identify potential creditors. These agents reviewed the decedent's financial and personal records, including his mail, bills, and documents maintained in his office. These agents also consulted with an individual familiar with the decedent's affairs and conducted a search of public records for recorded judgments. These efforts did not reveal any active claim by Ceglio.

During this inquiry, the decedent's assistant informed Womer's son that Ceglio had previously filed a lawsuit against the decedent, but the matter had been resolved. Consistent with that understanding, Womer's agents found no documentation in the decedent's records reflecting any ongoing litigation involving Ceglio, nor did their search of public records disclose any judgment or pending claim. The evidence also showed that no filings had been made in Ceglio's previous lawsuit for several years prior to the decedent's death.

Ceglio, for his part, had a history of litigation involving the decedent arising from disputes over trust matters. In 2018, Ceglio filed a lawsuit seeking, among other relief, trust accountings and sanctions against the decedent. However, Ceglio did not notify Womer of any pending claim following the decedent's death, and Ceglio did not present any evidence that Womer or her agents were otherwise aware that the 2018 action remained active.

Ceglio testified that he did not learn of the decedent's death until discovering it through an internet search in February 2024. Shortly thereafter, in March 2024—approximately six months after publication of the Notice to Creditors—Ceglio filed a statement of claim against the estate based on the allegations underlying his prior lawsuit.

Because Ceglio filed his claim outside the three-month statutory period, Womer served Ceglio with notice that his claim was untimely and that he was required to seek an extension of time. Ceglio then moved in the probate court for an extension, asserting that he was a reasonably ascertainable creditor entitled to actual notice of the claims period. He argued that his pending lawsuit against the decedent rendered him readily identifiable, and Womer should have discovered the lawsuit through a search of court records.

2

Womer opposed the motion, maintaining that she had conducted a reasonably diligent search, and Ceglio was not a reasonably ascertainable creditor. She relied on the steps taken by her agents, the absence of any record of an active claim, and the information indicating that prior litigation between Ceglio and the decedent had been resolved.

At the evidentiary hearing, the probate court heard testimony from Ceglio, Womer, Womer's son, and the estate's attorney. Womer testified that she had no independent knowledge of the decedent's business affairs and relied on her agents to perform the necessary searches. Her son testified that he had reviewed all available records, consulted with the decedent's assistant, and found nothing indicating any ongoing claim by Ceglio. Her son further testified that, based on information available to him, he believed any prior litigation involving Ceglio had been resolved. The estate's attorney similarly testified that his search of public records had revealed no judgments or other indicia of an active claim, and he had not been informed of any pending litigation requiring further investigation.

After considering the evidence, the probate court found that Womer, through her agents, had conducted a diligent search for creditors, and Ceglio was not a reasonably ascertainable creditor. The court further found no authority required Womer to personally search court records under the circumstances presented. Based on these findings, the court denied Ceglio's motion for an extension of time to file his claim. The court subsequently granted Womer's petition for discharge, concluding that the estate had been fully administered. This appeal followed.

## II.      Standard of Review and Governing Law

"The standard of review of an order striking a claim against an estate for being untimely filed is whether the trial court abused its discretion." *In re Est. of Ortolano*, 766 So. 2d 330, 332 (Fla. 4th DCA 2000) (citing *In re Est. of Vickery*, 564 So. 2d 555, 558 (Fla. 4th DCA 1990)). Likewise, a probate court's determination of whether a claimant is a reasonably ascertainable creditor is reviewed for abuse of discretion. *Simpson v. Est. of Simpson*, 922 So. 2d 1027, 1029 (Fla. 5th DCA 2006) (citing *Miller v. Est. of Baer*, 837 So. 2d 448, 450 (Fla. 4th DCA 2002)). Discretion "is abused only where no reasonable person would take the view adopted by the trial court." *Strulowitz v. Cadle Co., II, Inc.*, 839 So. 2d 876, 881 (Fla. 4th DCA 2003) (citing *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980)).

Under section 733.2121, Florida Statutes (2023), the personal representative must promptly publish a notice to creditors. This notice

requirement serves to inform the decedent's creditors that their claims will be barred if they do not timely file their claims against the estate. *Grant v. Kunke*, 397 So. 3d 758, 761 (Fla. 2d DCA 2024).

A creditor must file a claim within three months of publication of the notice to creditors, unless the creditor is entitled to actual notice. § 733.702(1), Fla. Stat. (2023). Section 733.2121(3)(a), Florida Statutes (2023), requires the personal representative to conduct a "diligent search" to identify "reasonably ascertainable creditors" and serve them with notice. However, "[i]mpracticable and extended searches are not required." § 733.2121(3)(a), Fla. Stat. (2023).

A reasonably ascertainable creditor is one who can be identified through "reasonably diligent efforts." *Strulowitz*, 839 So. 2d at 879 (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478 (1988) ("[A]ll that the executor or executrix need do is make 'reasonably diligent efforts' to uncover the identities of creditors.")). Conversely, contingent or conjectural claimants—those whose claims depend on uncertain future events—are not entitled to actual notice. *Ortolano*, 766 So. 2d at 332; *Spohr v. Berryman*, 589 So. 2d 225, 227 (Fla. 1991).

### III.  The Probate Court Reasonably Concluded Ceglio Was Not a Reasonably Ascertainable Creditor

Competent, substantial evidence supports the probate court's finding that Womer and her agents conducted a reasonably diligent search, and Ceglio was not reasonably ascertainable. Womer, through her son, reviewed the decedent's financial records, mail, and personal papers, and consulted an individual familiar with the decedent's affairs. They also searched public records for judgments. These efforts revealed nothing indicating an active claim by Ceglio. To the contrary, the information obtained suggested the prior litigation involving Ceglio had been resolved.

Under section 733.2121(3)(a), "[i]mpracticable and extended searches are not required." Nor does Florida law impose a categorical duty to search court records for potential claims, particularly where nothing in the decedent's records or known history suggests an ongoing dispute. *See Strulowitz*, 839 So. 2d at 879 (requiring only "reasonably diligent efforts"); § 733.2121(3)(a), Fla. Stat. (2023). The law requires only a reasonable investigation under the circumstances. The probate court reasonably concluded that, in light of the witnesses' testimony, no further investigation—such as a search of court dockets—was required.

4

Ceglio's reliance on *Ortolano* to support his argument for reversal is misplaced. There, the personal representative's knowledge of the pending lawsuit was undisputed. 766 So. 2d at 332. Here, by contrast, the probate court found that Womer and her agents lacked such direct knowledge, and reasonably believed any prior litigation had concluded. *Ortolano* does not stand for the proposition that the mere existence of a lawsuit—unknown to the personal representative, or undiscovered using due diligence—renders a claimant reasonably ascertainable.

Instead, this case is more analogous to decisions declining to impose a duty to discover claims that are not readily identifiable or are unknown despite reasonable search efforts. *See Cantero v. Est. of Caswell*, 305 So. 3d 37, 39–40 (Fla. 3d DCA 2019) (affirming lower court's finding that claimant was not reasonably ascertainable where alleged claim was not communicated and not evident from records); *Soriano v. Est. of Manes*, 177 So. 3d 677, 681–82 (Fla. 3d DCA 2015) (holding potential tort claimant was not reasonably ascertainable where estate lacked knowledge of claim and it would not have been discovered through reasonable search).

Even if the evidence permitted competing inferences about whether Ceglio's claim was reasonably ascertainable, we affirm the probate court's ruling because it rests on credibility determinations supported by the record. The probate court heard testimony from Womer and other witnesses, all of whom described the efforts undertaken to identify creditors and their understanding that no active claim by Ceglio existed. Ceglio attempts to undermine this testimony by pointing to the strained relationship between himself and the decedent, and his lack of notice of the decedent's death. But the probate court was free to reject any inference of concealment or bad faith.

The probate court was persuaded by the testimony of Womer and other witnesses about the efforts made to discover possible creditors of the estate. Such credibility determinations are entitled to substantial deference because the probate court, as the fact finder, was in the best position to weigh the witnesses' credibility. *Cauble v. Kaczmarski*, 421 So. 3d 776, 779 (Fla. 3d DCA 2025) (quoting *Guzman v. State*, 721 So. 2d 1155, 1159 (Fla. 1998)) (trial judge has the "superior vantage point to see and hear the witnesses and judge their credibility"). Indeed, the unrebutted evidence that the estate was insolvent, and that known creditors were told their claims would not be paid, supports the reasonableness of the court's finding no improper motive existed to exclude Ceglio from receiving notice.

## IV.  Conclusion

Ceglio has not established that the probate court abused its discretion in concluding he was not a reasonably ascertainable creditor.  We may not reweigh the evidence or substitute our judgment for that of the trial court.  *See Canakaris*, 382 So. 2d at 1203.  So long as competent, substantial evidence supports the probate court's findings—and it does here—those findings must be upheld.

Because the probate court, as the fact finder, determined Ceglio was not a reasonably ascertainable creditor, he was required to file his claim within three months of publication of the notice to creditors.  § 733.702(1), Fla. Stat. (2023); *Jones v. Golden*, 176 So. 3d 242, 248 (Fla. 2015).  Because notice was published on September 1, 2023, and Ceglio did not file his claim until March 2024—well outside the statutory period—Ceglio's claim was untimely.  The denial of Ceglio's motion was therefore proper, as was the subsequent discharge of the personal representative.  *See* § 733.901, Fla. Stat. (2023).

*Affirmed.*

GROSS and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

6